GLORIA BEARDSLEY *v.* RAYMOND BEARDSLEY

WYNNE, C. J., BALDWIN, DALY, KING and MURPHY, Js.

Argued December 4—decided December 26, 1957

*Lorin W. Willis,* for the appellant (defendant).

*George A. Saden,* with whom were *Abe J. Schwarz* and *Arlen D. Nickowitz,* for the appellee (plaintiff).

KING, J. On June 25, 1951, the plaintiff obtained a decree of divorce from the defendant in the Superior Court in Fairfield County. The decree included orders for the payment of alimony and of support for a minor child, each in the amount of $20 a week. The defendant failed to make all of the payments, and this action is brought to secure a judgment for the accrued arrearage under both orders, in accordance with the rule of cases such as *German* v. *German,* 122 Conn. 155, 158, 188 A. 429.

The defendant claims that the awards of alimony and support are without validity since service in the divorce action was made on him in West Virginia only by registered mail. Each order in effect consti-

tuted an in personam judgment and, since no property in Connecticut was attached, would require, for its validity, that the court have jurisdiction of the person of the defendant. *Coyne* v. *Plume,* 90 Conn. 293, 297, 97 A. 337; 17 Am. Jur. 679, § 592; 17A Am. Jur. 42 § 852, 157 § 973. Such jurisdiction could not be acquired by the service used here. *Receivers Middlesex Banking Co.* v. *Realty Investment Co.,* 104 Conn. 206, 213, 132 A. 390. Ordinarily, a court obtains jurisdiction of the person of a nonresident by service made upon him in the state of the forum. *Samson* v. *Bergin,* 138 Conn. 306, 309, 84 A.2d 273. If the court acquired in personam jurisdiction over this defendant, it was because of something in addition to the mere service of process by registered mail.

After receipt of the copy of the process, the defendant wrote the clerk of the court and asked that he be kept informed of the progress of the action. The clerk answered the defendant[1] and inclosed duplicate appearance forms, properly filled out except for the defendant's signature. These the defendant signed and returned to the clerk. They were filed under date of February 28, 1951. The defendant mailed a letter, dated February 24, 1951, to the clerk's office. An inside envelope bore the following instructions: "To Be Delivered to the Judge of the Superior Court or Constituted Authority Who Would Preside at Said Hearing." The letter was opened and read on April 27, 1951, by Judge Comley,

---

[1] The clerk wrote as follows: "Dear Mr. Beardsley: If you wish to keep posted on the progress of this action, including all papers that are filed in Court, you should sign both copies of this appearance form, where you see your name typed in, and return both of them to the following address: Clerk, Superior Court, 172 Golden Hill St., Bridgeport, Connecticut. Thereafter, the Clerk of Court will mail to you all papers filed in this case."

who later presided at the hearing on the divorce action. The defendant was not represented by legal counsel at the time the appearance was filed or the letter sent, and otherwise submitted no answer or defense in the divorce proceeding. It was heard by Judge Comley as an uncontested action on June 21, 1951, and on that day judgment was rendered for the plaintiff.

It is unnecessary to quote the letter of the defendant at length. It reviewed his marital difficulties; stated that he would not contest the action if his wife insisted on pursuing it; questioned, but did not unequivocally deny, the jurisdictional allegation of the complaint as to the plaintiff's residence in Connecticut; and said that he was heavily in debt and that his wife had agreed that she would be satisfied with $10 a week but that he had in fact been sending her $15 a week, which he felt "at present was adequate" and the most that he could afford. "In addition," he continued, "I have been paying for some medical bills of hers, which she has sent to me." In the concluding paragraph of the letter, he stated: ". . . I have written directly to you, since it is my only means of acquainting you with my thoughts and feelings in the matter."

The defendant is a graduate of Massachusetts Institute of Technology and is now employed as a research engineer with the Goodyear Aircraft Corporation in Akron, Ohio, where he lives. He received from the clerk, in due course, all papers filed in the divorce proceeding. In March, 1953, he remarried.

The defendant claims that his general appearance was filed solely because he was misled by the clerk into thinking he had to file it if he was to be kept informed of the progress of the case, and that in sending in the appearance forms, as well as in writ-

ing the letter, he had no intention of submitting himself to the in personam jurisdiction of the court. Of course, the clerk admittedly was in nowise responsible for the defendant's sending of the letter.

A general appearance is at the very least prima facie evidence of the truth of its recitals, which necessarily embrace an intention to submit generally to the in personam jurisdiction of the court. Whether in all instances an executed general appearance, duly filed, is, in and of itself, conclusive evidence of a submission to the in personam jurisdiction of the court we need not now determine. See *Cockran* v. *Leister,* 2 Root 348; 3 Am. Jur. 787 § 10, 789 § 11, 804 § 34. Certainly the fact that a layman did not fully understand or appreciate the legal implications flowing from his act in intentionally entering a general appearance would not be sufficient, alone, to invalidate it. Probably few laymen who attempt to act as their own counsel ever do understand the full legal implications of everything they do. It would be an intolerable situation if a layman could avoid a judgment years after its rendition by proof that he did not correctly understand or fully comprehend the precise legal consequences of a particular procedure which he had voluntarily and intentionally followed.

Here there was no misunderstanding as to the filing of the appearance forms as documents. They were intentionally and voluntarily filed. The only mistake or misunderstanding claimed was in the inducement of the filing, and this mistake was only as to certain of the legal consequences which flowed therefrom. The defendant admittedly intended that the filing should operate, as it did, to cause the pleadings in the case to be sent to him. Not only did he not file a special appearance or a plea of any kind raising any claim of lack of jurisdiction of his per-

son, but on the contrary he wrote the letter questioning the court's jurisdiction of the subject matter of the divorce action and placing his version of the case before the court, especially with reference to the amount of any orders for payments to his wife. He had the benefit of this informal presentation of his case. Obviously, he was attempting to influence the disposition of the divorce proceeding, especially as to the amount of any orders for the payment of money. Indeed, for all that appears, he may to some extent have been successful in reducing the amount of the alimony and support orders below what they would have been had the letter not been written. Clearly, his purpose in sending the letter went far beyond merely keeping himself informed about the progress of the case. This he had already accomplished by filing the appearance.

The entry of an appearance need not necessarily be made by filing a formal appearance form. The conduct of a party may operate as a general appearance. *Ives* v. *East Haven*, 48 Conn. 272, 286; *Schoonmaker* v. *Albertson & Douglass Machine Co.*, 51 Conn. 387, 393; *Rommell* v. *Walsh*, 127 Conn. 16, 18, 15 A.2d 6. "A general appearance may arise by implication from the defendant's seeking, taking, or agreeing to, some step or proceeding in the cause, beneficial to himself or detrimental to the plaintiff, other than one contesting the jurisdiction only." 3 Am. Jur. 787, § 10; *People* v. *Estep*, 6 Ill. 2d 127, 128, 126 N.E.2d 637. The defendant's letter came within the scope of this rule.

The court was entitled to consider the whole course of conduct of the defendant, both in filing the general appearance forms and in writing the letter, in determining whether he had voluntarily submitted himself to the in personam jurisdiction of the court.

It concluded that he had. This conclusion cannot be disturbed.

There is no error.

In this opinion the other judges concurred.