BONNIE L. ROSE *v.* ROBERT L. ROSE

SUPERIOR COURT        LITCHFIELD COUNTY        FILE NO. 26705

Memorandum filed November 28, 1977

*Edward W. Manasse,* for the plaintiff.

*Smith, Smith, Mettling and Keefe,* for the defendant.

SPONZO, J. In this plea the defendant has moved to abate two of five prayers for relief. Those two prayers involve claims for alimony and counsel fees. The defendant does not attack the claims for dissolution of the marriage, change of name and other equitable relief. In filing this plea in abatement the defendant has filed a special appearance.

There is no dispute as to the factual issues. Pursuant to an order of notice, the defendant was served by registered mail. The parties were married in Rhode Island on July 12, 1975, at which time the plaintiff was a resident of that state. In August, 1975, both parties moved to Colorado where they enrolled in the University of Northern Colorado. During the early summer of 1976 both gained employment in Colorado. During the middle of July, 1976, the plaintiff informed the defendant that she was going to Connecticut to visit with her mother. On August 1, 1976, the plaintiff telephoned the defendant from Connecticut and informed him that the marriage would not work out and requested that he forward to her in Connecticut all her belongings as well as her dog. That the defendant did. The defendant has always been a resident of Colorado as well as a voter in that state. In August, 1975, both parties registered as voters in Colorado.

On December 30, 1976, the plaintiff instituted this present action and the defendant was served by registered mail in Aurora, Colorado.

It is undisputed that no alimony or counsel fees can be awarded in this state unless in personam jurisdiction has been acquired. *Robertson* v. *Robertson,* 164 Conn. 140, 144; *Beardsley* v. *Beardsley,* 144 Conn. 725, 726–27. In this case only substitute service was made, not personal service. The plaintiff contends that a plea in abatement is not the proper procedure to attack such a defect because the defect is directed only toward a prayer for relief. The plaintiff argues that a plea in abatement can be utilized only to attack a fundamental jurisdictional matter and that a claim for alimony is incidental and not fundamental to a dissolution action. Accordingly, the plaintiff suggests that other pleadings such as a demurrer or a plea in bar are available to the defendant, and that, if alimony were ordered, that order could be attacked in a collateral proceeding.

The arguments of the plaintiff are not persuasive. A prayer for relief is just as essential for a valid complaint as are the allegations contained therein. Stephenson, Conn. Civ. Proc. § 95. While the initial impression conveys the idea that a plea in abatement should abate the entire action, the court has been unable to find authority to sustain that proposition. Both parties concede that, on the basis of the undisputed facts of this case, an award for alimony and counsel fees cannot stand unless the defendant submits personally to the jurisdiction of this court or waives the jurisdictional defect. In *Beardsley* v. *Beardsley,* supra, 729–30, there is dicta to the effect that the defendant can file a special appearance and "a plea of any kind raising any claim of lack of jurisdiction of his person."

The plaintiff's claims that the defendant's plea in abatement is improper and that the issue should be raised collaterally are without merit. With the crowded court dockets presently existing, it would appear to be imprudent to permit future potential litigation to exist when it can be decided during the course of this action. To allow an invalid order as to alimony and counsel fees to enter would be a useless act and the courts frown upon such action. The plaintiff's claim that a demurrer or special defense could be invoked to attack the jurisdictional defect would expose the defendant to certain dangers and risks. In order to follow such a procedure the defendant would have to appear generally and thus submit himself to personal jurisdiction, thereby waiving the defect.

Finally, the plaintiff contends that, if the plea in abatement is sustained, she will be deprived of her basic right to claim alimony and counsel fees. This is not so. The plaintiff selected the forum in which to sue. As such, she must comply with the jurisdictional requirements. She had the choice to institute the action in the state where the defendant resides. Having elected to sue in Connecticut, she cannot complain about the requirements of this state.

Accordingly, for the reasons stated above, the plea in abatement is sustained.