SIDNEY A. LESLIE *v.* HELEN P. LESLIE

HOUSE, C. J., LOISELLF, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued November 2, 1977—decision released March 14, 1978

*R. William Bohonnon,* for the appellant (plaintiff).

*Roger Sullivan,* with whom, on the brief, was *James R. Etter,* for the appellee (defendant).

LOISELLE, J. The plaintiff has appealed from an order finding him in contempt for failure to comply with a support and alimony order. The facts of the case are as follows. On June 28, 1972, the parties to this action obtained a divorce, the court ordering the plaintiff to convey his undivided interest in the family home to the defendant and to pay $25 each week for alimony and $75 each week as child support. At the time judgment was rendered, both

parties were domiciled in Connecticut. In September, 1972, the plaintiff, having remarried, moved to Florida, where he continues to reside.

On September 20, 1974, the defendant's counsel certified that a copy of a motion for contempt, based upon alimony and support arrearages totaling $7542, was sent to the office of the plaintiff's attorney.[1] On September 21, 1974, the defendant obtained ex parte a writ of ne exeat, requiring the plaintiff to furnish bond in the amount of $8500. On September 23, 1974, the plaintiff, en route from Maine to Florida, was seized under the authority of the writ, and bond was posted. A special appearance was entered by the plaintiff's counsel, and, on September 24, a motion to modify the 1972 judgment by reducing the amount of alimony and support was filed. On the same day, a hearing was held on the defendant's motion to adjudge the plaintiff in contempt, counsel for both parties participating. At the outset of the hearing, the court ruled that it would not at that time hear evidence on the plaintiff's motion to modify, nor would it entertain the plaintiff's jurisdictional challenge in view of the motion. On the basis of the evidence presented, the court found the plaintiff to be in contempt, concluding that no justification appeared for his failure to comply with the original alimony and support orders.

The plaintiff's initial claims of error pertain to his challenge to the court's jurisdiction. It is his contention that the court erred in failing to entertain

---

[1] The record and briefs indicate a discrepancy of opinion as to when the motion was filed in the court. A challenged finding states that the motion was filed on September 20, 1974, while the plaintiff asserts and the motion, included in the record, suggests that the motion, while dated September 20, 1974, was filed on September 23, 1974.

his jurisdictional challenge prior to hearing evidence on the defendant's contempt motion, and that in rendering judgment on the motion the court was without in personam jurisdiction since the plaintiff did not receive notice in accordance with common-law contempt procedure. The plaintiff reasons that he therefore was denied due process of law.

At the time of the hearing the plaintiff's counsel filed a special appearance and a plea in abatement.[2] At the same time, the plaintiff filed a motion to modify the alimony and support order. The latter act defeated the former jurisdictional challenges, for by seeking affirmative relief himself, the plaintiff, by implication, entered a general appearance, waiving all jurisdictional defects other than those pertaining to the court's competency. *Beardsley* v. *Beardsley,* 144 Conn. 725, 730, 137 A.2d 752; 1 Stephenson, Conn. Civ. Proc. (2d Ed.) § 26; 5 Am. Jur. 2d, Appearance, §§ 12, 21. Where a party enters a special appearance, but proceeds to go beyond a defense, seeking "affirmative and distinctive relief beyond the scope of the issues presented . . . he must be held to have subjected himself voluntarily to the court's jurisdiction." *Receivers Middlesex Banking Co.* v. *Realty Investment Co.,* 104 Conn. 206, 214, 132 A. 390; 1 Stephenson, supra. Consequently, whatever doubt may have existed as to the court's in personam jurisdiction over the plaintiff because of the claimed defective notice was removed by the plaintiff's actual submis-

[2] The plea in abatement is noted in a finding, but appears nowhere in the record nor is it part of the file in this proceeding. To permit full review by this court, the plaintiff should have requested its inclusion in accordance with Practice Book § 612A. While a special appearance paves the way for a plea in abatement, it does not in itself raise a jurisdictional question. 1 Stephenson, Conn. Civ. Proc. (2d Ed.) § 26.

sion to the court's authority. *Kuser* v. *Orkis,* 169 Conn. 66, 72, 362 A.2d 943. By implication, the plaintiff, in requesting relief which could only be granted upon the theory that the court had jurisdiction over the parties; *Receivers Middlesex Banking Co.* v. *Realty Investment Co.,* supra; entered a general appearance, thereby waiving his jurisdictional claims. *Johnson* v. *Zoning Board of Appeals,* 166 Conn. 102, 107, 347 A.2d 53. That the court did not hear the plaintiff's motion to modify does not alter this conclusion, for it is the plaintiff's conduct which signifies submission to the court's authority. The court's action in ordering the motion to be heard on the regular family relations docket was proper; see, e.g., *Winick* v. *Winick,* 153 Conn. 294, 299, 216 A.2d 185; and did not constitute a denial of its jurisdictional authority over the plaintiff. Although it would have been preferable for the court to explain more fully its reasoning in refusing to hear the plaintiff's jurisdictional challenge, this court may sustain a right decision, although it may have been based on erroneous reasoning. See, e.g., *Franchey* v. *Hannes,* 152 Conn. 372, 380, 207 A.2d 268; *Stapleton* v. *Lombardo,* 151 Conn. 414, 417, 198 A.2d 697; Maltbie, Conn. App. Proc. § 36.

The plaintiff also directs a cluster of claims of error to the court's findings and conclusions as they pertain to the final adjudication of contempt. An examination of the court's finding discloses that critical findings of fact are inconsistent and that critical conclusions are based solely upon such inconsistent facts. It is clear that " '[a]n adjudication of contempt is final and may be reviewed only on questions of jurisdiction . . . and whether the act or acts for which the penalty was imposed could constitute a contempt.' *State* v. *Jackson* [147 Conn.

167, 170, 158 A.2d 166]." *Stoner* v. *Stoner,* 163 Conn. 345, 359, 307 A.2d 146. However, "[t]he inability of the . . . [plaintiff] to obey an order of the court, without fault on his part, is a good defense to a charge of contempt." *Tobey* v. *Tobey,* 165 Conn. 742, 746, 345 A.2d 21. The burden of proving such inability lies with the delinquent party. 17 Am. Jur. 2d, Contempt, § 51.

Findings are made that the plaintiff was laid off from his job in Florida for considerable amounts of time and that he was unable to obtain work. Other findings indicate that in the summers of 1973 and 1974, he went to Maine looking for work and was unable to find any work other than odd jobs. Another finding states that the plaintiff vacationed in Maine during the summer. The court found that the plaintiff's net income after deductions came to $158 per week in 1972, $151 per week in 1973, and that his expenses were approximately $157.20 a week during that time. Yet, another finding states that the plaintiff's affidavit, which claimed weekly expenses of $157, is lacking in credibility. The court further found that for the previous two years the plaintiff's payments of approximately $35 per week to the defendant for alimony and support rather than the amount ordered by the court "was occasioned by the fact that he did not have the money to send her," and that he did not take any action to modify the order of this court in regard to alimony and support because "he did not have the money to do it."

In the court's conclusions, it found that the plaintiff vacationed in Maine during the summer. It also concluded as follows: "Despite the fact that in 1973 the plaintiff's net earnings were reduced

to the rate of $151.00 per week from earnings of $20,000.00 per annum at the time of the entry of the decree and his living expenses amounted to $157.20 per week, the payment of $35.00 a week to his former wife on account of alimony and support was insufficient. There was no justification for the plaintiff not paying $100.00 per week in accordance with the order. Despite the fact that the plaintiff's earnings in 1974 had been reduced from causes beyond his control from the $20,000.00 income he had at the time of the entry of the decree, the $35.00 payments on account were insufficient and there was no justification for his not paying in accordance with the order."

As the crucial findings of fact are inconsistent and the conclusions are ambiguous to the extent that they are irreconcilable, the case must be remanded for a new trial on the issue of contempt. This opinion concerns itself only with the defendant's motion for contempt. The plaintiff's motion to modify the support and alimony order was not heard by the trial court but was to be heard on the regular family relations docket, and the ne exeat issue is on appeal. Consequently, this opinion has no bearing on the determination of those issues.

There is error, the order is set aside and a new trial is ordered limited to the issue of contempt.

In this opinion the other judges concurred.