[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Having heard the evidence and testimony of the plaintiff in above-captioned matter for dissolution of marriage, the Court makes the following findings:
On July 10, 1991, this Court issued a first order of notice directing the plaintiff to have said order served on the defendant, Bernard F. Tatro, by registered or certified mail, return receipt requested, on or before July 25, 1991. Such service was made on July 24, 1991, as evidenced by the sheriff's return.
The letter was subsequently returned as undelivered to defendant. A Motion for Subsequent Order of Notice was filed but no orders were issued.
The defendant then sent a letter to the plaintiff dated February 6, 1992, acknowledging his awareness of the pending action for dissolution of marriage to the point of including the Court's docket number in said letter. The letter was signed by the defendant according to the sworn testimony of the plaintiff. In his letter the defendant stated that he had no objection to a "divorce" and only asked that certain items of personalty be awarded to him.
The Court finds, based upon the evidence and testimony, that the defendant was apprised of the instant proceedings, that he had actual notice and that, in his letter of February 6, 1992 he is deemed to have entered his pro se appearance in the case. The Court finds, based upon the conduct of the defendant, that it has in personam jurisdiction. CT Page 2475 Beardsley v. Beardsley, 144 Conn. 725.
The Court further finds that the marriage of the parties has broken down irretrievably without prospect of reconciliation.
The Court orders the defendant to pay to the plaintiff the sum of $1.00 per year as periodic alimony.
The defendant is ordered to convey to the plaintiff whatever right, title and interest he may have in the marital residence located at 25 Sherwin Lane, Windsor Locks, Connecticut. Said real property is ordered transferred to the plaintiff pursuant to 46b-81, C.G.S.
The Court further orders the plaintiff be awarded all the personal property which comprise the marital assets with the exception of the several items of personalty requested by the defendant in his letter of February 6, 1992.
The plaintiff shall retain the crucifix which was part of the personalty requested by the defendant.
The marriage is dissolved and the parties are single and unmarried.
BY THE COURT, JOSEPH W. DOHERTY, JUDGE