[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION de THE DEFENDANT'S APPLICATION TO CITE THE PLAINTIFF IN CONTEMPT (#141) AND THE PLAINTIFF'S MOTION FOR MODIFICATION OF ALIMONY (#142) CT Page 367
The parties' marriage was dissolved by judgment entered February 8, 1983 which ordered the plaintiff to pay the defendant unallocated alimony and support of $225 weekly. Such an order permitted the plaintiff to deduct the entire payment on his Federal Income Tax Return as alimony. On March 7, 1983 the order was reduced to $100 weekly where it has remained.
The judgment ordered the plaintiff to pay:
a) $1,000 counsel fees allowance by May 1, 1983; and
b) $15,000 lump sum alimony by February 8, 1990 and, if then unpaid, to accrue interest of 15% annually thereafter until paid.
Although the plaintiff filed a bankruptcy petition in 1990 and was discharged in May, 1991 as a "no asset" case, he did not list the counsel fee allowance or the lump sum alimony award nor did he list the defendant in anyway, (Defendant's Exhibit #11). The defendant now seeks payment.
The inability of the plaintiff to obey a court order without fault on his part is a good defense to a charge of contempt. Tobey v. Tobey, 165 Conn. 742; U.S. v. Rylander,460 U.S. 752; Leslie v. Leslie, 174 Conn. 399; Friedlander v. Friedlander, 191 Conn. 81.
The plaintiff is an experienced auto dealer and, since the bankruptcy, has been rebuilding his business with the help of a partner who is furnishing the capital to obtain a used car inventory. The evidence is clear that the plaintiff cannot pay any part of either court order described above. No contempt is found for failure to pay either order.
On October 21, 1983 the physical custody of Natalie, their oldest daughter, was placed with the plaintiff by agreement of the parties. On November 15, 1983 the defendant's motion to increase the unallocated order was denied. No further action was taken by either party until the defendant's present citation was obtained in 1992. The judgment had awarded custody of the oldest child, James Jr. to the plaintiff. In the summer of 1991 the youngest child, Jessie, (date of birth, June 27, 1975), CT Page 368 moved from her mother's home to her father's home. Their other child, Wendy, reached majority on December 15, 1989, having remained with her mother during her minority.
The plaintiff cites Raymond v. Raymond, 6 Conn. L.R. No. 1, 15-16 (Mar. 9, 1992) for the proposition that an agreement between the parties should be inferred from the lack of activity in this file from 1983 to 1992. The testimony of the plaintiff and one of the daughters both described payments in cash and the court infers that the parties did depart from the ordered payments without returning to court. The credibility of the witnesses always looms large in cases where a long hiatus has occurred following a flurry of post judgment motions. The court concludes that Raymond is not in point for no explicit agreement is found in this case. The fact that the defendant accepted what the plaintiff paid does not now allow the plaintiff to claim the benefit of his not coming to court.
Nor can the court find laches or waiver proven in this case.
What is proven is that prior to 1990 the plaintiff was a successful businessman. Since May, 1991 when he received his discharge in bankruptcy, he has been slowly rebuilding a business with a partner.
The court finds that his present net disposable income is $275 and the defendant's is about $290.
The court finds the arrears to be $46,705 as of December 9, 1993 on the unallocated order as claimed by the defendant.
Since entry of the present order all of the children have attained majority. The defendant's income has increased substantially. The court finds a substantial change in circumstances sufficient to justify granting the plaintiff's motion to modify, and it is granted. The alimony order is reduced to $1 per year.
The plaintiff is ordered to continue to pay the $100 weekly to be applied to the arrearages found above. The remaining claims of the defendant as to I.R.S. "short stops", medical premiums, uninsured medical bill balances incurred for the children's care and attorney's fees are not further analyzed here for the court has already determined that the plaintiff is CT Page 369 presently unable to pay more than the $100 weekly.
So ordered.
HARRIGAN, J.