[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR ORDER PURSUANTTO PRACTICE BOOK § 383
Jacobs, Grudberg, Belt Dow for plaintiff.
Murphy G. Karpie for defendant.
FACTUAL BACKGROUND
On December 17, 1992, the plaintiff, Luz Brent, filed a substitute complaint containing one count in negligence against Beryl Weinstein for injuries and losses she allegedly suffered on January 14, 1992 when the motor vehicle operated by Weinstein CT Page 7932 struck the rear of her motor vehicle.
Defendant filed an answer to the substitute complaint on February 24, 1993 asserting as a special defense that any injury or damage suffered by plaintiff was caused by her own negligence in that she suddenly slowed or stopped her vehicle without warning.
On November 5, 1993 and on January 13, 1994, plaintiff requested leave to file an amended complaint to allege additional personal injury and impairment of her earning capacity. No objections to such requests were filed by the defendant.
On January 25, 1994, plaintiff filed a motion for summary judgment on the issue of liability. On February 10, 1994, the defendant filed a memorandum of law in opposition with an affidavit by Weinstein dated January 4, 1994.
On June 9, 1994, plaintiff filed a motion for an order pursuant to Practice Book § 383 on the ground that Weinstein's affidavit was made in bad faith or solely to cause delay. On June 15, 1994, defendant filed an objection to plaintiff's motion.
Oral argument, which included sworn testimony from the defendant, was heard at short calendar on June 21, 1994.
LEGAL DISCUSSION
Practice Book § 383 provides that if, at any time, it appears to the court that any affidavit is made or presented in bad faith, or only to cause delay, the court shall order the offending party to pay the other party the reasonable expenses which the filing of the affidavit caused him to incur, including attorney's fees. Any offending party or attorney may be adjudged guilty of contempt, and any offending attorney may also be disciplined by the court. Practice Book § 383.
At oral argument plaintiff's counsel argued that at Weinstein's deposition on April 12, 1994, he stated he could not admit to the accuracy of the statements contained in the affidavit which was marked exhibit B. Plaintiff's counsel stated Weinstein testified at his deposition that he signed the affidavit before a notary that did not swear him to the truth of its contents.
Defense counsel argued that he had the affidavit prepared and sent to Weinstein to be signed before a notary. He did not know CT Page 7933 until the deposition that Weinstein had not been sworn as to the truth of its contents. Defense counsel further argued, in reliance on Esposito v. Wethered, 4 Conn. App. 641, 645, 496 A.2d 222
(1985), that a response at a deposition is not a judicial admission and may be contradicted at the time of trial.
Weinstein testified at the oral argument that the statement to his insurance carrier dated January 17, 1992, marked as exhibit A at the oral argument, is an accurate statement of his recollection of the accident. In such statement Weinstein indicates that he did not know if the accident occurred because he was distracted, his foot slipped from the brake pedal or the car ahead of him started to move and then stopped.
Weinstein testified at oral argument that he was asked by his attorney to sign the affidavit. That affidavit contains the statement that the "plaintiff's vehicle came to a sudden and abrupt stop . . . I was unable to avoid skidding into very minor contact with the rear of the plaintiff's vehicle."
Weinstein testified he did not realize the affidavit would be used by the court and he did not intentionally mislead the court. Weinstein stated he read the affidavit quickly, but didn't analyze it. He stated he signed it in front of the notary but didn't swear to its correctness. He acknowledged that the affidavit states it was "[s]ubscribed and sworn to" before the notary. Weinstein is still not sure of the cause of the accident.
"[W]hen an affidavit is made or presented in bad faith in a proceeding for summary judgment, any offending party or attorney may be adjudged guilty of contempt, and any offending attorney may also be disciplined by the court." Densmore v. Eyles, 32 Conn. Sup. 519,521, 342 A.2d 62 (App. Sess. 1975); see also Perri v.Cioffi, 141 Conn. 675, 680, 109 A.2d 355 (holding it was conceivable that in some cases an affidavit may be so "palpably false" that the court, upon such a finding of falsity, could strike it from the file and render summary judgment).
There is a lack of caselaw regarding the criteria involved in determining whether an affidavit has been made in bad faith or solely to cause delay. However, on the issue of bad faith generally, the Supreme Court has stated:
 [b]ad faith in general implies both `actual or constructive fraud, or a design to mislead or CT Page 7934 deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive.' Black's Law Dictionary (5th Ed. 1979). Bad faith means more than mere negligence; it involves a dishonest purpose.
(Citations omitted). Habetz v. Condon, 224 Conn. 231, 237,618 A.2d 506 (1992) (affirming trial court's judgment for defendant on the counterclaim upon ground that plaintiff had asserted his statutory defenses in bad faith).
Here, Weinstein's affidavit was not made or presented for a dishonest purpose or to mislead this court. Weinstein testified at oral argument and at his deposition that he is unsure as to the exact cause of the accident. In fact, Weinstein's statement dated January 17, 1994 and affidavit both state the cause of the accident may have been a sudden stopping by plaintiff. However, the affidavit affirmatively states plaintiff suddenly stopped her car, while Weinstein's statement indicates that he did not know if plaintiff's car had moved and then stopped. Weinstein testified that he read the affidavit quickly and did not know it would be used by the court. There is no indication that defense counsel reviewed the affidavit with Weinstein or explained to him its purpose. While the discrepancy between Weinstein's statement and affidavit and his inability to swear to the truth of the affidavit may have resulted from the neglect of defense counsel, there is no indication that it was made for a dishonest purpose or to mislead.
Therefore, the court finds that the affidavit was not prepared and submitted in bad faith and the motion must be denied.
CONCLUSION
Based on the foregoing, the Plaintiff's Motion for Order Pursuant to Practice Book § 383 (#112) is denied.
So ordered.
Michael Hartmere, Judge CT Page 7935