[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
CORRECTED MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT (NO. 103)
The issue is whether the court should grant the plaintiff's motion for summary judgment against the defendant with respect to the issue of liability and the issuance of a permanent injunction.
It is found that the court should grant the plaintiff's motion for summary judgment.
The plaintiff, Materials Technologies Corporation, filed a verified complaint dated February 28, 1994, against the defendant, Vaidyanathan Nagarajan. The complaint alleges in three counts a cause of action for misappropriation of trade secrets, breach of contract, and breach of fiduciary duty.
The facts as alleged in the verified complaint are as follows. The plaintiff is a business that develops novel engineering material, sophisticated optical systems, and photomechanical systems. The plaintiff's customers include private businesses and the agencies and departments of the United States government. The plaintiff employed the defendant from October 19, 1992, through July 6, 1993. While employed with the plaintiff, the defendant acquired knowledge about the plaintiff's CT Page 12717 products. These products constitute the plaintiff's business assets and are trade secrets as defined by General Statutes § 35-50
et seq. Some time prior to his employment termination, the defendant confiscated the plaintiff's trade secrets without the plaintiff's permission or knowledge, and subsequently disclosed the trade secrets to third parties. As a result of the defendant disclosing the trade secrets, the plaintiff alleges that it suffered damages, and seeks a permanent injunction ordering the defendant to turn over all trade secrets and to cease disclosing them to third parties.
On March 8, 1994, the court issued a temporary injunction, and ordered the defendant to appear on April 4, 1994, to show cause why the temporary injunction should not be continued. On March 29, 1994, the court received a letter from the defendant, dated March 24, 1994. The letter responded to the court's temporary injunction order and to the allegations contained in the plaintiff's verified complaint. On April 4, 1994, the defendant failed to appear at the hearing to show cause why the temporary injunction should not be continued. On April 18, 1994, the court issued an order continuing the temporary injunction based on the plaintiff's verified complaint and the affidavit of the plaintiff's Vice President, Yogesh Mehrotra.
On August 17, 1994, the plaintiff filed a motion for summary judgment interlocutory in character, with respect to the issue of the defendant's liability and the issuance of a permanent injunction. In support of its motion for summary judgment, the plaintiff submitted a memorandum of law, the affidavit of the plaintiff's Vice President, Yogesh Mehrotra, and the plaintiff's requests for admissions of the defendant Nagarajan. The defendant has not filed a memorandum in opposition to the plaintiff's motion.
Practice Book § 384 provides that summary judgment "`shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Suarez v. Dickmont Plastics Corp. , 229 Conn. 99,105, 639 A.2d 507 (1994). The burden is on the movant to show that there is no genuine issue of material fact. Id. "A material issue of fact is one that will affect the outcome of the case."2830 Whitney Avenue v. Heritage Canal Development Assoc.,33 Conn. App. 563, 567, 636 A.2d 1377 (1994). In ruling on a motion for summary judgment, the court must view the facts presented in the CT Page 12718 light most favorable to the non-moving party. Suarez v. DickmontPlastics Corp. , supra, 229 Conn. 105. Pursuant to Practice Book § 385 "[a] summary judgment, interlocutory in character, may be rendered on the issue of liability alone, although there is a genuine issue as to damages."
The plaintiff argues in its memorandum in support of its motion for summary judgment that the defendant's failure to respond to the plaintiff's request for admissions may be used as a basis for summary judgment.
Pursuant to Practice Book § 239,[1] a plaintiff's failure to respond to the defendant's request for admissions will result in the requests being deemed to have been admitted. Gagne v.National Railroad Passenger Corp. , 26 Conn. App. 74, 77,597 A.2d 836, cert. denied, 220 Conn. 932, 599 A.2d 382 (1991). Moreover, if the plaintiff does not "attempt to withdraw or amend [his] admissions pursuant to Practice Book § 240 . . . the facts recited in the requests for admission are `conclusively established.'" (Internal footnote omitted.) Id.[2] "The granting of summary judgment can be based on admissions resulting from a party's failure to respond to requests for admissions." Id., citingOrenstein v. Old Buckingham Corp. , 205 Conn. 572, 575-77,534 A.2d 1172 (1987).
It is clear that the facts recited in the plaintiff's request for admission are conclusively established because the defendant failed to respond to the request as required by Practice Book § 239. It is clear that the court may rely on those facts in deciding the present motion for summary judgment.
The plaintiff also argues in its memorandum in support of its motion for summary judgment that the defendant violated the Uniform Trade Secrets Act (UTSA), § 35-50 et seq.
Section 35-51(d) provides that a trade secret is:
 information, including formula, pattern, compilation, program, device, method, technique, process, drawing, cost data or customer list that: (1) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and (2) is the subject of efforts that are reasonable under the CT Page 12719 circumstances to maintain its secrecy.
The defendant admits that he was given access to the plaintiff's intellectual property, business and technical proposals and business contacts on the condition that this information was secret and confidential and not to be disclosed without the prior approval of the plaintiff. (Plaintiff's Request for Admissions, No. 3). He further admits that these materials constituted trade secrets pursuant to § 35-50 et seq. (Plaintiff's Request for Admissions, No. 4). The defendant admits that he removed documents and computer files containing these trade secrets and used or disclosed these items to third parties. (Plaintiff's Request for Admissions, Nos. 5, 6). It is found that the plaintiff has met its burden of proving that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law as to its claim that the defendant violated the UTSA.
The plaintiff further argues in its memorandum in support of its motion for summary judgment that the defendant breached his employment contract with the plaintiff.
The defendant's employment contract with the plaintiff provides that the defendant "further understand[s] that any proposals, intellectual property and contacts [he] make[s] while employed by the Materials Technologies Corporation are strictly and permanently the property of the Materials Technologies Corporation." The defendant admits that he removed documents and computer files owned by the plaintiff when he left his employment with the plaintiff, and thereby violated his employment contract. (Plaintiff's Request for Admissions, Nos. 5, 7). The plaintiff has met its burden of proving that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law as to its claim that the defendant violated his employment
The plaintiff further argues in its memorandum in support of its motion for summary judgment that the defendant breached his fiduciary duty owed to the plaintiff.
"The law will import into every contract of employment a prohibition against the use of a trade secret by the employee for his own benefit, to the detriment of this employer, if the secret was acquired by the employee in the course of his employment."Town Country House Homes Services, Inc. v. Evans,150 Conn. 314, 319, 189 A.2d 390 (1963). Misappropriation of information may constitute a breach of fiduciary duty. See Blue Cross BlueCT Page 12720Shield of Connecticut v. DiMartino, Superior Court, judicial district of New Haven, Docket No. 300642 (July 2, 1991, Schaller, J.). The defendant admits that he has used the trade secrets of the plaintiff for his own benefit and disclosed the trade secrets to third parties causing harm to the plaintiff. (Plaintiff's Request for Admissions, No. 8). It is found that the plaintiff has met its burden of proving that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law as to its claim that the defendant violated his employment contract.
The plaintiff is also seeking a permanent injunction to prevent the defendant from further disclosing plaintiff's trade secrets. The court ordered a temporary injunction "to preserve the status quo until the rights of the parties [could] be determined after a full hearing on the merits." Griffin Hospitalv. Commission on Hospitals Health Care, 196 Conn. 451, 457,493 A.2d 229 (1985). "[T]he court is called upon to balance the results which may be caused to one party or the other, and if it appears that to deny or dissolve [the injunction] may result in great harm to the plaintiff and little to the defendant, the court may well exercise its discretion in favor of granting or continuing it. . . ." (Citations omitted, internal quotation marks omitted.) Id.
As the defendant failed to respond to the request for admissions or submit opposing evidence to the motion for summary judgment, the merits have been fully determined. The court, based on the evidence presented in this summary judgment motion, finds that irreparable injury, loss or damage will result to the plaintiff if the permanent injunction is not granted.
It is clear that by the defendant's own admission to the plaintiff he should be found liable on all three counts. It is further found that the plaintiff will suffer irreparable harm should the permanent injunction not be granted.
"The entry of an appearance need not necessarily be made by filing a formal appearance form. The conduct of a party may operate as a general appearance. . . . A general appearance may arise by implication from the defendant's seeking, taking, or agreeing to, some step or proceeding in the cause, beneficial to himself or detrimental to the plaintiff. . . ." (Citations omitted.) Beardsley v. Beardsley, 144 Conn. 725, 730,137 A.2d 752 (1957). A letter by the defendant to the court detailing the CT Page 12721 defendant's version of the case can constitute conduct which submits the defendant to the personal jurisdiction of the court. Id., 730-31.
The defendant has failed to file a formal appearance form with the court. On March 29, 1994, however, the court received a letter from the defendant, responding to the commands of the court's temporary injunction, and responding to the plaintiff's verified complaint. It is found that the defendant's decision to send the court a letter detailing his response to the causes of actions was an attempt to influence the court's disposition of the matter, and thus constituted conduct that submitted him to the personal jurisdiction of the court. Beardsley v. Beardsley, supra, 144 Conn. 730-31. As the defendant has filed an appearance, it is dound [found] that a motion for summary judgment is a proper procedure.
The motion for summary judgment is granted.
The motion for pemanent [permanent] injunction is granted.
WILLIAM J. McGRATH, JUDGE