[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 10975
The Plaintiff moves the court to hold the defendant in contempt for nonpayment of periodic alimony and also asks for attorney's fees. The defendant moves for modification of the alimony order. On October 14 and 20, 1997, the court held an evidentiary hearing on this matter. The court finds the following facts.
On June 23, 1986, the court, Loiselle, J.T.R., rendered a judgment ordering the defendant to pay periodic alimony of $100.00 per week for two years and $50.00 per week thereafter. In its memorandum of decision, the court noted that the defendant was an optometrist with an active but declining practice. Presently, the defendant is on the verge of full retirement and his practice is losing money. Both parties are in their seventies and have chronic health problems. The defendant has failed to pay alimony since August 6, 1997.
Until recently, the plaintiff saved the alimony payments she received and invested these savings, along with other funds, in a certificate of deposit whose principal is around $51,000. Currently, the plaintiff utilizes the alimony payments to pay for her living expenses. This change has resulted from her inability to work as she formerly did.
 I.
Regarding the plaintiff's motion for contempt, the court finds, by clear and convincing evidence, that the defendant has willfully disobeyed the existing court order to pay alimony since August 6, 1997. Once a movant has shown that the contemnor has failed to obey the orders of the court, the burden shifts to the delinquent party to prove inability to comply, Leslie v. Leslie,174 Conn. 399, 403 (1978). The defendant has failed to prove inability to satisfy the $50.00 per week order. The defendant's financial affidavit reflects social security and rental income of around $275.00 per week. It also indicates that the defendant spends nearly the amount of the alimony order on legal fees and visits with his children.
The court finds that the defendant is in arrears for ten weeks for a total arrearage of $500.00. The court orders the defendant to be incarcerated until said sum is paid and stays execution of incarceration until January 11, 1998. The court also orders the defendant to pay the plaintiff's attorney's fees by CT Page 10976 January 11, 1998.
 II.
As to the defendant's motion for modification of alimony, the court finds that the parties circumstances have changed substantially since the date of judgment. At that time, the defendant had an optometry practice which generated income. Today, that practice has dwindled to the point of losing money, and the defendant is retiring altogether from the practice. Like remarriage and cohabitation, retirement is an event which can be the proper basis for modifying alimony, Burns v. Burns,41 Conn. App. 716,726 (1996).
Applying the criteria set forth in G.S. § 46b-82, the court modifies the current order from $50.00 per week to $20.00 per week. One significant fact supporting this downward change is that the plaintiff now has a source of income, the certificate of deposit, which she lacked at the time of dissolution. This modification is effective as of October 20, 1997. The case is continued to January 11, 1998 to insure compliance with the order set forth in section I.
___________, J.