[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant moves the court to hold the plaintiff in contempt for violating certain orders arising from the parties' dissolution judgment and postjudgment orders. On June 8, 1998, the court held an evidentiary hearing on this motion.
On September 21, 1993, the court, Loiselle, J.R., rendered a judgment compelling the plaintiff to pay to the defendant $20,000 as lump-sum alimony, payable in $200 per month installments until February 1, 1998, at which time a final installment of $10,000 was due. The plaintiff made the $200 per month installments but failed to pay $10,000 on February 1, 1998. The plaintiff has paid $46 per week since that date toward that debt leaving a delinquency of $9,172.
Also, the judgment obligated the plaintiff to pay to the defendant child support and the cost of uninsured medical expenses for the parties' three children. On March 16, 1998, the court, Booth, J., found the plaintiff $2136 in arrears on these obligations. Judge Booth ordered the plaintiff to pay $1068 within five weeks and to pay $50 per week toward the remaining arrearage. The plaintiff has made the $1068 payment but has missed three weekly payments.
In addition, the plaintiff has, since the March 16 order, failed to pay $596 of his current child support order.
The defendant requests that the plaintiff be found in contempt for failure to meet these obligations. Clearly, the defendant has proven the existence of the orders and noncompliance. Having done so, the burden shifts to the plaintiff to demonstrate an inability to comply with the court orders. Leslie v. Leslie, CT Page 7145174 Conn. 399, 403 (1978). The court finds that he has satisfied this burden.
The plaintiff was current with respect to the alimony installments when the $10,000 balloon payment became due. The plaintiff lacked the financial wherewithal to save $10,000 between the date of judgment and February 1, 1998. He suffered the collapse of two business ventures, a period of unemployment, and a bankruptcy during this period. The court concludes that the plaintiff's noncompliance was the result of financial inability and not wilful neglect.
As to the failure to remain current with Judge Booth's arrearage order and child support, the court notes that the plaintiff was laid off in March 1998. His unemployment compensation only began as of May 20, 1998. He has made most of the arrearage and child support payments. Again the court determines that the delinquencies were the result of the plaintiff's financial inability to comply. He presently resides with his parents and lives a frugal lifestyle. The inception of unemployment compensation has enabled him to resume meeting his obligation.
Having established that noncompliance was the consequence of financial inability, the motion for contempt must be denied.Mallory v. Mallory, 207 Conn. 48, 57 (1988). However, even where no contempt is present, where a violation of court orders has occurred, the court "has broad discretion to make whole" the party injured by the violation. Clement v. Clement,34 Conn. App. 641, 647 (1994). Consequently, the court orders that interest at the rate of ten per cent per year accrue on the unpaid alimony, i.e. $9127. The court calculates that interest to be $355.08 to date. Such interest will continue to accrue until the alimony debt is paid in full. The plaintiff is also ordered to notify the defendant's attorney immediately, through his own attorney, upon reemployment. Upon reemployment, the court will establish a schedule of payment of the alimony debt.
Sferrazza, J. CT Page 7146