[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de PLAINTIFF'S POST-JUDGMENT MOTION FOR CONTEMPT (201.1 AND DEFENDANT'S POST JUDGMENT MOTION FOR MODIFICATION (210)
The parties' marriage was dissolved by decree entered December 28, 1981. In its decision the court found the plaintiff, a homemaker, to be suffering from narcolepsy which restricted her ability to work. The defendant was employed as a staff attorney by Citibank. The decree ordered $1,200 monthly periodic alimony until the plaintiff s death or remarriage. The defendant paid the order through February, 1998. He made no payment for March, 1998 or for any subsequent month.
The inability of the defendant to obey an order of the court without fault on his part is a good defense to a charge of contempt, Tobey v. Tobey, 165 Conn. 742; Leslie v.Leslie, 174 Conn. 399. The burden of proving inability to perform falls on the contemnor, Friedlander v. Friedlander,191 Conn. 81.
The plaintiff advanced the theory that the defendant was obliged to tender partial payments when and if he could since March, 1998. This "good faith partial payment" theory would create a subjective, ambiguous and debatable case by case monthly test. The court must find that the defendant has it within his power to obey the order and is wilfully refusing to do so.
The defendant had most recently been employed for 2 years as a promoter, founder and small stockholder of Digital Vision, Inc. The defendant's partner did in May, 1997. The company's assets were sold to satisfy creditors. The defendant qualified for unemployment insurance for a time. On or about April 28, 1998 the defendant filed a voluntary petition pursuant to Chapter 7 of the U.S. Bankruptcy Code (Defendant's Exhibit A). He obtained a part time professor's position at Babson College. Although he remarried in 1985, his present wife provide s food, shelter and little else. The defendant is found to be unable to meet the alimony order and has been unable to do so since March, 1998. The plaintiff's motion is denied.
The plaintiff has been working for the past 12 years for the Greenwich School system. Her general health has not improved. The defendant's substantial change in circumstances warrant a modification of the alimony order. The defendant's motion is granted;
The defendant is ordered to pay $1.00 per year periodic alimony, retroactive to March 1, 1999. The arrears on the initial CT Page 7262 order is found to be $14,400 for twelve unpaid months, March, 1998 I through February, 1999 inclusive. The defendant shall pay $75 weekly on said arrears commencing on September 10, 1999.
So Ordered.
Harrigan, J.