SALLY K. ROBERTSON *v.* PETER M. ROBERTSON

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued November 7—decided November 29, 1972

*Irwin J. Gordon,* with whom, on the brief, was *Richard K. Mulroney,* for the appellant (plaintiff).

*Donald A. Browne,* with whom, on the brief, was *William T. Browne,* for the appellee (defendant).

SHAPIRO, J. By writ dated November 30, 1965, the plaintiff brought an action against the defendant in the Superior Court in Fairfield County, seeking a divorce, custody, support and alimony. The sheriff's return attached to the writ indicates that an attachment was made against the defendant's real estate in Greenwich and that an attempt to serve him there was unsuccessful. The return states that "the defendant has left my precincts to places unknown to me and there is no one in charge of the property attached who would accept service." On December 2, 1965, the plaintiff submitted an application for an order of notice requesting that notice by registered mail be given the defendant of the commencement and pendency of the action "because said defendant is not (a) resident or inhabitant in the State, has no agent or attorney in the State, and no person is in charge or possession of the estate attached." The application also requested that such notice be addressed to the defendant at "80 Federal Street, Boston, Massachusetts." The court ordered such notice. On June 24, 1966, the defendant having failed to appear, the plaintiff obtained a decree of divorce in which the judgment included orders for alimony and support. The judgment also recited that the court found that at the date of the complaint "the defendant was a resident of Boston in the state of Massachusetts"; that the writ and complaint were served on him pursuant to the order of notice and that he actually received notice that the complaint was pending.

On October 26, 1970, the plaintiff petitioned the court to cite the defendant for contempt on the claim

that he had failed to comply with its order for support and alimony. The court order was directed to the defendant at an address in Greenwich, there to be served on him. On January 28, 1971, the defendant filed a special appearance "to contest jurisdiction" and further moved the court "to correct the Judgment . . . of June 24, 1966 by eliminating any provision for alimony as the Court has never had in personam jurisdiction" of him. On May 13, 1971, the court denied the plaintiff's petition for contempt and granted the defendant's motion. From a judgment rendered thereon the plaintiff has appealed to this court.

The court made no finding, although, ordinarily, one is essential to test the conclusion reached. Practice Book § 609; *Wagner* v. *Zoning Board of Appeals,* 153 Conn. 713, 714, 216 A.2d 182; *Gitlitz* v. *Davis,* 146 Conn. 280, 281, 150 A.2d 213; *Mendrochowicz* v. *Wolfe,* 139 Conn. 506, 509, 95 A.2d 260; Maltbie, Conn. App. Proc. § 126. The plaintiff did not file either a request for a finding or a draft finding. Consequently, no finding was made. The absence of a finding does not necessarily preclude action by this court. We are, however, limited in our inquiry to the material facts which appear on the record. *Wooster* v. *Wm. C. A. Fischer Plumbing & Heating Co.,* 153 Conn. 700, 703, 220 A.2d 449; *State* v. *Keating,* 151 Conn. 592, 595, 200 A.2d 724, cert. denied, sub nom. *Joseph* v. *Connecticut,* 379 U.S. 963, 85 S. Ct. 654, 13 L. Ed. 2d 557; Maltbie, Conn. App. Proc. § 126. Defective as this procedure is, it, nevertheless, makes possible the determination of this appeal. Thus, the record discloses that the court by its judgment of May 13, 1971, found the issues for the defendant. This means that the allegations in the defendant's motion to correct the judgment were

found for the defendant. See *Mendrochowicz* v. *Wolfe,* supra, 509–10. The question presented for decision, therefore, is whether the facts alleged in the motion to correct the judgment[1] justify the conclusions reached by the court denying the plaintiff's petition to cite in the defendant for contempt and modifying the judgment of June 24, 1966, by deleting all provisions relating to alimony or other provisions based on in personam jurisdiction.

The court had before it the sheriff's return showing that an attachment was made against the defendant's Greenwich real estate and that the defendant had left his precincts for places unknown and that no one was in charge of the attached realty who would accept service; the allegations in the plaintiff's application for an order of notice that the defendant "is not (a) resident or inhabitant of his State, [and] has no agent or attorney in the State and no person is in charge or possession of the estate attached"; the application of the plaintiff requesting that notice be given to the defendant at a Boston address; and the recital in the court's 1966 divorce decree that the defendant was a resident of Boston. From these it is clear that the court acquired no jurisdiction to render a judgment on June 24, 1966, binding the defendant personally, since he was a nonresident on whom personal service had not been made, although

[1] The record discloses no attack on the defendant's form of the "motion to correct judgment," either by a pleading addressed to it or in any other manner. By considering the motion as it was brought to the trial court we do not indicate that this is a proper motion or correctly brought in seeking a remedy directed to the 1966 judgment. The plaintiff attacks this procedure for the first time in her assignment of errors. The trial court should have had an opportunity to have the issue presented to it and thereupon rule on it as to the correctness of the motion. Assignments must be based on the claims made in the trial court. Practice Book § 652; Maltbie, Conn. App. Proc. § 167.

it did have jurisdiction in rem over the attached realty. An order directing the payment of alimony or support is a judgment in personam. *Beardsley* v. *Beardsley,* 144 Conn. 725, 726–27, 137 A.2d 752. Without personal service on the defendant, the court on June 24, 1966, had no jurisdiction to render a judgment in personam unless the defendant appeared voluntarily. *Pennoyer* v. *Neff,* 95 U.S. 714, 727, 24 L. Ed. 565; *Carter* v. *Carter,* 147 Conn. 238, 241, 159 A.2d 173; *Mendrochowicz* v. *Wolfe,* supra, 510. Constructive service of process on a nonresident defendant is not sufficient to furnish a basis for judgment in personam, even though it may be shown that the defendant had actual notice of the pending action. *Carter* v. *Carter,* supra; 2 Nelson, Divorce and Annulment (2d Ed.) § 14.12. As in the case before us, however, and only to the extent of the property seized under attachment, a court has power to deal with such property within the court's jurisdiction and to render a decree limited to and binding on the attached property. The judgment, when rendered, constitutes a charge to be satisfied out of the property seized. To that extent, the judgment is quasi in rem. *Pennington* v. *Fourth National Bank,* 243 U.S. 269, 272, 37 S. Ct. 282, 61 L. Ed. 713; *Pennoyer* v. *Neff,* supra, 734; *Artman* v. *Artman,* 111 Conn. 124, 130, 149 A. 246; *Coyne* v. *Plume,* 90 Conn. 293, 300, 97 A. 337. Nevertheless, the court acquired no jurisdiction to render a judgment binding on the defendant personally.

The plaintiff contends that the defendant consented to and conferred the right to assert in personam jurisdiction by the terms of a separation agreement dated September 2, 1964. The short answer to this claim is that no such agreement appears from the record or as an exhibit.

The further claim is made that by filing his motion to correct the judgment and by entering a special appearance in 1971 for that purpose, the defendant in effect entered a general appearance and thereby waived any jurisdictional defect. A motion to vacate or correct a judgment for lack of jurisdiction does not constitute a general appearance or a submission to jurisdiction. *Lyford* v. *Berwick Academy*, 97 N.H. 167, 83 A.2d 302; *Turner* v. *Big Four Petroleum Co.*, 274 P.2d 524 (Okla.); see also note, 31 A.L.R.2d 262, 266, and cases cited; 27A C.J.S. 328, Divorce, § 93; 27B C.J.S. 22, Divorce, § 247.

The other assignments of error warrant no discussion.

There is no error.

In the opinion the other judges concurred.