[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO REOPEN JUDGMENT AND VACATE
The plaintiff instituted the present action seeking to recover sums due to it as a result of charges claimed to have been incurred by the defendant with respect to a credit card issued by the plaintiff. Abode service was made upon the defendant on August 28, 1988 "at her usual place of abode at 67 Park Circle, Milford, Conn." The defendant failed to appear in the action and a judgment was entered against the defendant on November 15, 1988 for the sum of $12,412.91, plus costs, and a nominal weekly payment order. On August 20, 1993 the attorney for the plaintiff filed his appearance in the action and filed, on August 26, 1993, the present motion to CT Page 8462 open and vacate the judgment asserting that the court lacked personal jurisdiction over the defendant on the grounds that she did not reside at 67 Park Circle at the time abode service was claimed to have been made.
Following an evidentiary hearing, the court finds that after the defendant graduated from high school in 1983 she resided with her parents for a period of time on Midwood Street in Milford. Thereafter she lived on Kinloch Street in Milford. As a result of the reassignment of her job responsibilities by her employer, the defendant moved to East Killingly in the fall of 1986 where she remained until at least the fall of 1987. In the fall of 1987 she returned to Milford and lived at the 67 Park Circle address during the five work days of the week and returned to East Killingly on weekends. The defendant left the 67 Park Circle address in April of 1988 and returned to East Killingly until September of 1988 when she returned to Milford to live with her parents.
In November of 1988, the plaintiff learned, for the first time, that an action had been instituted against her and that a judgment had been entered in favor of the plaintiff. At that time, the defendant spoke with, and wrote to, the attorney for the plaintiff and was advised that a judgment had been entered and nothing could be done. Thereafter the defendant made some payments to the plaintiff believing that she owed the plaintiff some money but not the amount stated in the judgment. In 1993 the plaintiff attempted to execute on the judgment which caused the defendant to contact, for the first time, an attorney who then filed the present motion.
When the sheriff made purported abode service at the 67 Park Circle address in August of 1988, the defendant was no longer living at that address and, accordingly, service of process was not left at the usual place of abode of the defendant as that phrase is utilized in General Statutes 52-57. A motion to vacate or correct a judgment for lack of jurisdiction does not constitute a general appearance or a submission to the jurisdiction of the court. Robertson v. Robertson, 164 Conn. 140, 145 (1972). (Motion to correct a judgment based upon lack of in personam jurisdiction not barred by passage of four and a half years from the date of the judgment to the data of the filing of the motion to correct). While Practice Book 326 and General Statutes 52-212a place a four month restriction upon the power of the court to open or to modify a judgment, the trial court has inherent authority to open and modify a judgment it rendered without jurisdiction because such CT Page 8463 judgment is void ab initio and is subject to both direct and collateral attack. Broaca v. Broaca, 181 Conn. 463, 467 (1980). If a court never acquired jurisdiction over the defendant any judgment entered is void and subject to vacation or collateral attack and the court has inherent authority to modify such a judgment "at any time". General Motors Acceptance Corporation v. Pumphrey, 13 Conn. App. 223, 229 (1988).
Accordingly, the motion to vacate the judgment is hereby granted.
Rush, J.