## GEORGE PINDER, JR. *v.* RENA PINDER
### (13695)

Lavery, Landau and Shea, Js.

Argued January 22—officially released July 23, 1996

*Raymond L. Baribeault, Jr.*, with whom, on the brief, was *Miriam Gardner-Frum*, for the appellant (defendant).

*John H. Kelley*, for the appellee (plaintiff).

SHEA, J. The defendant has appealed from the judgment of the trial court denying her motion to open and

set aside a prior judgment in this case, rendered on January 11, 1990, in which the court dissolved her marriage to the plaintiff and ordered that no alimony be awarded to either party. In her motion, the defendant claims that she never received actual notice of the dissolution proceeding prior to judgment, that the order of notice by registered mail was not complied with, that the plaintiff committed a fraud on the court by testifying falsely that he had spoken to the defendant about the dissolution on the day before the hearing, and that, accordingly, the court lacked jurisdiction to grant the dissolution. After conducting a hearing at which both parties as well as another witness testified, the court concluded that the finding of actual notice made at the time of the dissolution could not be overturned on the basis of the evidence presented and that the claim of fraud had not been "clearly proven."

On appeal, the defendant claims, as grounds for reversing the judgment, that (1) the court rendering the original judgment lacked jurisdiction to determine her right to alimony because she was not at that time a resident of this state, (2) that court also lacked subject matter jurisdiction to dissolve the marriage because of noncompliance with the order of notice, and (3) the trial court should have found that the plaintiff had committed a fraud on the court at the time of the dissolution proceeding when he testified that he had discussed the matter with the defendant the day before the hearing. We agree with the first claim of lack of personal jurisdiction but reject the other two claims.

The parties were married in Springfield, Massachusetts, in 1954. In 1986, when they were living together in a house they owned in Springfield, the defendant was diagnosed as suffering from multiple sclerosis. In June of that year, she entered Western Massachusetts Hospital in Westfield, Massachusetts, where she has continued to reside. Some time after the defendant

entered the hospital, the plaintiff requested that she transfer her one-half interest in the house in Springfield to him so that it would not be subject to charges for her care at the hospital. She executed a deed prepared by her husband's attorney for that purpose. In 1988, the plaintiff sold the house in Springfield, retaining the proceeds of the sale, and moved to Mystic, Connecticut, where he purchased a mobile home in which he was residing on January 11, 1990, when the dissolution judgment was rendered.

At the dissolution hearing, the plaintiff testified that he had resided in Connecticut for at least one year before he commenced the dissolution action in August, 1989, that his marriage had broken down irretrievably, that there were no minor children of the marriage, that his wife, because of her disability, was unable to write and the person whose signature appeared on the return receipt in the court file, pursuant to the order of notice for service on the defendant at the hospital, was a nurse at the hospital, that on the previous day he had discussed with his wife his intention to proceed with the dissolution action, and that the state of Massachusetts had never requested any contributions from him for the expenses of his wife's care at the hospital. The dissolution court found actual notice of the action on the part of the defendant, dissolved the marriage and ordered that "[n]o alimony is awarded to either party."

At the hearing on the motion to open and set aside the dissolution judgment, which was not filed until June 14, 1993, more than three years after that judgment had been rendered, the defendant's attorney conceded that his client had received actual notice of the pendency of the dissolution action because she had consulted a Massachusetts attorney who had agreed to represent her in that action. The defendant testified that she had been informed of the dissolution action by a social worker at the hospital, but had never been served with

any papers and had not signed the certified mail return receipt in the court file. She could not recall whether her husband had spoken to her about the dissolution action the day before it was heard, as he had testified at the dissolution hearing.

The social worker assigned to the defendant testified that the file relating to her client contained the papers giving notice of the dissolution proceeding. The file indicated that, with the assistance of a different social worker, the defendant had engaged a Massachusetts attorney to represent her in the dissolution action. After the defendant received a letter from the plaintiff's attorney in May, 1990, informing her that the dissolution judgment had been rendered, the social worker contacted the attorney who was representing the defendant and learned that he was unaware that the dissolution hearing had taken place in January of that year. The social worker contacted another Massachusetts attorney who agreed to represent the defendant. In the fall of 1992, however, she and the defendant learned that the second attorney had taken no action in the case. A third attorney was engaged to represent the defendant through a Massachusetts agency to which the misconduct of the first two attorneys had been reported. The third attorney referred the case to Connecticut counsel who filed this motion and represented the defendant in the ensuing proceedings.

I

The defendant's motion to open and set aside the dissolution judgment did not include her claim that the dissolution court had no jurisdiction to adjudicate her right to alimony because she resided in Massachusetts and had not had any contact with the state of Connecticut for many years. That motion alleged noncompliance with the order of notice, challenged the finding of actual notice and claimed that the plaintiff had committed a

fraud on the court. At the hearing on the motion, however, the defendant did raise the issue of whether the dissolution court had improperly exercised personal jurisdiction over her by providing in the judgment that "[no] alimony is awarded to either party." After the trial court denied her motion in a memorandum of decision that did not address the personal jurisdiction issue, the defendant filed a motion to reargue, pointing out that oversight. The court also denied that motion.

Despite the defendant's failure to include the personal jurisdiction issue in her motion to open and set aside the dissolution judgment, the trial court was obliged to consider that issue. "[W]hen the absence of jurisdiction is brought to the attention of the court, cognizance of that fact must be taken and the matter determined before it can proceed further in the case." *Gimbel* v. *Gimbel*, 147 Conn. 561, 566, 163 A.2d 451 (1960). In whatever manner such an issue comes to the attention of a court, it must be addressed, even if the court must act sua sponte in order to do so. *Castro* v. *Viera*, 207 Conn. 420, 429, 541 A.2d 1216 (1988); *Sasso* v. *Aleshin*, 197 Conn. 87, 89, 495 A.2d 1066 (1985); *Carten* v. *Carten*, 153 Conn. 603, 610, 219 A.2d 711 (1966). The delay in this case of more than three years in raising the jurisdictional issue is not a bar to its consideration because a provision of a judgment that exceeds the jurisdiction of a court is necessarily void and cannot be remedied merely by the lapse of time. "Such a judgment is void ab initio and is subject to both direct and collateral attack." *Broaca* v. *Broaca*, 181 Conn. 463, 467, 435 A.2d 1016 (1980); *Robertson* v. *Robertson*, 164 Conn. 140, 144, 318 A.2d 106 (1972). "If a court has never acquired jurisdiction over a defendant or the subject matter . . . any judgment ultimately entered is void and subject to vacation or collateral attack." *Bartels* v. *International Commodities Corp.*, 435 F. Sup. 865, 867 (D. Conn. 1977).

In *Pennoyer* v. *Neff*, 95 U.S. 714, 733, 24 L. Ed. 565 (1878), the United States Supreme Court held that a court has no jurisdiction to render a judgment in personam against a defendant in the absence of personal service within the forum, unless he appears in the action voluntarily. The requirement of personal service within the forum state has since been modified to permit a court to obtain personal jurisdiction over a nonresident who has "certain minimum contacts" with that state, provided that sufficient notice of the action is given to that defendant. *International Shoe Co.* v. *Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945).

Those principles were applied in *Vanderbilt* v. *Vanderbilt*, 354 U.S. 416, 417, 77 S. Ct. 1360, 1 L. Ed. 2d 1456 (1957), to invalidate a provision of a Nevada divorce decree declaring that both the husband, who had sought the divorce, and the wife, who resided in New York and had not appeared in that action, were " 'freed and released from the bonds of matrimony and all the duties and obligations thereof . . . .' " The court held that provision not to affect the wife's claim for alimony, declaring that the "divorce court was as powerless to cut off the wife's support right as it would have been to order the husband to pay alimony if the wife had brought the divorce action and he had not been subject to the divorce court's jurisdiction." Id., 418–19. The plaintiff has suggested no distinction between the invalid provision of the Nevada divorce decree in *Vanderbilt* and that involved here, ordering that "[n]o alimony is awarded to either party," and we perceive none.

Judicial precedent in this state has long recognized that, without service on the defendant within this state, the court has no jurisdiction to render a judgment in personam, such as one ordering him to pay alimony. *Robertson* v. *Robertson*, supra, 164 Conn. 144; *Beardsley* v. *Beardsley*, 144 Conn. 725, 727, 137 A.2d 752 (1957); *Receivers Middlesex Banking Co.* v. *Realty Investment*

*Co.,* 104 Conn. 206, 213, 132 A. 390 (1926); *Coyne* v. *Plume,* 90 Conn. 293, 297, 97 A. 337 (1916). Apart from federal constitutional restrictions on the exercise of state court jurisdiction over nonresidents, General Statutes §46b-46 (b),[1] which concerns the exercise of personal jurisdiction over nonresident parties with respect to matters concerning temporary or permanent alimony, establishes the requirement, inter alia, that this state have been the "domicile of both parties immediately prior to or at the time of their separation." In this case, it is undisputed that the defendant was domiciled in Massachusetts for many years before the separation and has continued to remain there.

We conclude that the absence of jurisdiction over the person of the defendant in this case, under both the federal constitution and § 46b-46 (b), invalidates the provision of the dissolution decree that "[n]o alimony is awarded to either party." The nullification of that portion of the decree, however, has no impact on its remaining provisions that terminate the marriage. In *Pennoyer* v. *Neff,* supra, 95 U.S. 733, the fountainhead of the requirement for the defendant's presence within the forum state to support the exercise of jurisdiction in personam, the court's opinion excepted "cases affecting the personal status of the plaintiff" from that requirement. A judgment dissolving a marriage but providing no other relief plainly falls within that exception. See *Shaffer* v. *Heitner,* 433 U.S. 186, 201, 97 S. Ct. 2569, 53 L. Ed. 2d 683 (1977). A dissolution judgment erroneously

---

[1] General Statutes § 46b-46 entitled "Notice to nonresident party. Jurisdiction over nonresident for alimony and support," provides in subsection (b): "The court may exercise personal jurisdiction over the nonresident party as to all matters concerning temporary or permanent alimony or support of children, only if: (1) The nonresident party has received actual notice under subsection (a) of this section; and (2) the party requesting alimony or support of children meets the residency requirement of section 46b-44; and (3) this state was the domicile of both parties immediately prior to or at the time of their separation."

ordering a nonresident defendant over whom the court has no personal jurisdiction to pay alimony may be modified in a later proceeding by eliminating that provision. *Robertson* v. *Robertson,* supra, 164 Conn. 143–44.

## II

The defendant's claim that the dissolution court lacked jurisdiction over the subject matter of the marriage is based on the undisputed fact that she did not sign the certified mail return receipt as contemplated by the order of notice issued when this action was commenced. The receipt was signed by the switchboard operator at the hospital, who delivered the papers to the social worker handling the defendant's affairs at that time. Although the defendant admitted at the hearing on the motion to open the dissolution judgment that she had received notice of the action and had engaged an attorney to represent her, she maintains that the absence of her signature on the return receipt constitutes a noncompliance with the order of notice that vitiates the jurisdiction of the court. She claims that the plaintiff, once he saw that someone other than the defendant had signed the return receipt, should have sought a further order of notice from the court.

General Statutes § 46b-46 (a)[2] provides: "After notice has been given and proved to the court, the court may hear the complaint if it finds that the defendant has

---

[2] General Statutes § 46b-46 (a) provides: "On a complaint for dissolution, annulment, legal separation or custody, if the defendant resides out of or is absent from the state or the whereabouts of the defendant is unknown to the plaintiff, any judge or clerk of the supreme court or of the superior court may make such order of notice as he deems reasonable. After notice has been given and proved to the court, the court may hear the complaint if it finds that the defendant has actually received notice that the complaint is pending. If it does not appear that the defendant has had such notice, the court may hear the case, or, if it sees cause, order such further notice to be given as it deems reasonable and continue the complaint until the order is complied with. Nothing in this section shall be construed to affect the jurisdictional requirements of chapter 815o in a complaint for custody."

actually received notice that the complaint is pending." At the dissolution hearing in this case, counsel for the plaintiff called the attention of the court to the fact that the defendant had not signed the certified mail return receipt, but the court was not concerned about the discrepancy in view of the plaintiff's testimony that he had discussed the dissolution action with his wife on the previous day. On the basis of that testimony, the court found actual notice, and, therefore, had no reason to issue a further order of notice as required by § 46b-46 (a) when "it does not appear that the defendant has had such notice." Apart from her claim of fraud in part III of this opinion, the defendant does not challenge the sufficiency of the evidence to support the finding of actual notice made by the dissolution court.[3] We conclude that there is no merit to the defendant's claim of a lack of subject matter jurisdiction arising out of her failure to have signed the return receipt when the papers relating to the commencement of the dissolution action were delivered to the hospital where she resided.

## III

The claim that the dissolution judgment should be set aside because the plaintiff committed a fraud on the court is based primarily on the contention that his testimony at the dissolution hearing that he had discussed that subject with his wife on the previous day was false. At the hearing on the motion to open the dissolution judgment, the plaintiff testified that he had spoken to his wife about his intention to dissolve the marriage when he visited her at the hospital on the weekend after he engaged an attorney to commence the dissolution action and also when he visited her each month thereafter. He testified further that he had mentioned the dissolution proceeding when he visited

---

[3] At the hearing on the motion to open, she admitted that she had received actual notice.

her "the day before, and the day after," informing her that he had "finally put it through." The defendant testified simply that she could not remember any such conversations.

In addition to the claim of perjury, the defendant claims that the plaintiff perpetrated a fraud on the dissolution court by failing to disclose the circumstances of his disposition of the marital assets and by creating the impression that he could contribute nothing to his wife's support by presenting a letter indicating that the state of Massachusetts would not hold him responsible for his wife's care at the hospital. The trial court, without elaboration, rejected "the claim of fraud since it was not clearly proven."

The party claiming fraud must satisfy a standard of proof more exacting than the probability standard generally applicable in civil cases. *Alaimo* v. *Royer*, 188 Conn. 36, 39, 448 A.2d 207 (1982). In attempting to define this elevated standard, our decisions have used such phrases as "clear and satisfactory evidence"; *Miller* v. *Appleby*, 183 Conn. 51, 55, 438 A.2d 811 (1981); "clear, precise and unequivocal evidence"; *DeLuca* v. *C. W. Blakeslee & Sons, Inc.*, 174 Conn. 535, 546, 391 A.2d 170 (1978); and " 'clear, convincing and unequivocal evidence' "; *Dunham* v. *Dunham*, 204 Conn. 303, 322, 528 A.2d 1123 (1987). Even if the defendant in this case were required to prove fraud only by the general civil standard of a preponderance of the evidence, the deference due a trial court's determination of issues of fact would defeat her challenge to the court's conclusion that she had not proved fraud on the part of her husband. "The fact-finding function is vested in the trial court with its unique opportunity to view the evidence presented in a totality of circumstances . . . including its observations of the demeanor and conduct of the witnesses and parties, which is not fully reflected in the

cold, printed record which is available to us." *Kaplan* v. *Kaplan*, 186 Conn. 387, 391, 411 A.2d 629 (1982).

We conclude that, in light of the testimony of the parties at trial, it was not unreasonable for the court to conclude that the plaintiff had not committed perjury when he testified at the dissolution proceeding that he had discussed that subject with the defendant the day before the hearing. The remaining claims of fraud, based on the plaintiff's appropriation of the marital assets and his presentation of the letter from the state of Massachusetts, relate only to the financial aspects of the dissolution. In part I of this opinion, we decided that the dissolution court's lack of personal jurisdiction over the defendant precluded any lawful adjudication of her right to alimony. Without such jurisdiction, that court was also powerless to determine any other financial claims the defendant may have against the plaintiff. Indeed, the dissolution judgment does not purport to have adjudicated any such claims. That judgment, therefore, does not bar the defendant from presenting those claims in any subsequent litigation.

The judgment is reversed in part and the case is remanded with direction to render judgment as on file except as modified to delete the provision concerning alimony.

In this opinion the other judges concurred.