[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 8721
The plaintiffs have made application for a prejudgment remedy in their suit against the defendants. The target for attachment is the real estate standing in the name of the defendant, Anne Leepson. The facts can be summarized briefly as follows.
The plaintiffs, Joshua Polan and Sharon Polan, entered into a written contract with the defendant, Hunting Ridge Co., Inc. ("HRC") for the purchase of a lot of land and for the construction of a house thereon. The total contract price for the house and lot, located in the development known as Fox Glen in Stamford, was $595,000. It was disclosed to the plaintiffs by HRC that the actual construction of the house would be performed by Grayson Construction, Inc. ("Grayson") of which Anne Leepson was the president. Any modifications to the base contract were to be negotiated directly with Grayson, and a separate agreement would have to be entered into with that corporation for any changes to the base contract. Indeed, this understanding was set forth in the contract between the plaintiffs and HRC. The plaintiffs were also made aware that Anne Leepson was the daughter of Ralph Biernbaum, the president of HRC.
Before entering into the contract with HRC, the plaintiffs met with Anne Leepson and asked for substantial modifications to the base contract. Ms. Leepson prepared a contract to reflect that request, signed it, and send it to the plaintiffs to be signed by them. Pursuant to their contract with HRC, the Polans took title to the lot on September 27, 1995 and paid $239,000 therefore. The contract with HRC gave the plaintiffs the right to delay commencement of the construction of the house for up to approximately one year in order to give them an opportunity to sell their home in New Jersey. If the plaintiffs could not sell their house within the agreed time frame, upon demand HRC would buy the lot back. The plaintiffs never gave instructions to HRC to commence construction of the house. In July, 1996 they demanded that HRC buy back the lot since they had not sold their house in New Jersey. By this time, HRC had become financially embarrassed and could not fulfill its promise.
Following these events this action ensued. Although there are a number of counts in the complaint, counsel for the plaintiffs concedes that the application for the prejudgment remedy is predicated upon the fraudulent misrepresentations of Anne Leepson, inducing the plaintiffs to enter into agreements with CT Page 8722 HRC, which never had the wherewithal to fulfill the contract with the plaintiffs.
The essential elements of fraud are (1) that a statement of existing fact was made; (2) which was untrue when made and known to be untrue by its maker; (3) that it was made with the intent of deceiving the plaintiff and to induce his reliance thereon; (4) that the plaintiff actually relied on the statement; (5) to his detriment. Mitchell v. Mitchell, 31 Conn. App. 331, 336,625 A.2d 828 (1993). The plaintiffs claim that Anne Leepson (through her corporation, Grayson) was to be the builder of the house for the Polans, and as such she assumed a duty to disclose relevant financial information to them; that by suggesting a buy back option, she was impliedly representing that HRC would be financially able to fulfill it, and that because of her relationship with HRC and Biernbaum, she knew of the circumstances.
The circumstances under which a prejudgment remedy may be granted, after a hearing, are governed by Connecticut General Statutes § 52-278d(a).[1]
To establish probable cause under the statute, a plaintiff must show that there is probable cause that a judgment in the amount of the prejudgment remedy sought will be rendered in favor of the plaintiff. The concept of probable cause involves abonafide belief in the existence of facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it. New England Land Company, Ltd. v. DeMarkey,213 Conn. 612, 620, 569 A.2d 1098 (1990); Wall v. Toomey,52 Conn. 35, 36 (1884).
It is well established that a party claiming fraud must satisfy a standard of proof more exacting than the probability I standard generally applicable in civil cases. Pinder v. Pinder,42 Conn. App. 254, 679 A.2d 973 (1996); Alaimo v. Royer,188 Conn. 36, 39, 448 A.2d 207 (1982). The appropriate standard of proof in such a case is clear and convincing evidence. Black v.Goodwin, Loomis and Britton, Inc., 239 Conn. 144, 681 A.2d 293
(1996). In this application for a prejudgment remedy, the plaintiffs must prove that there is probable cause to believe that they can establish by clear and convincing evidence that Anne Leepson fraudulently misrepresented existing facts upon which the plaintiffs relied. See Darrah-Wantz v. Brown, Superior CT Page 8723 Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. CV91 0119821 S (January 20, 1995) (Alander, J.) (To preserve a lis pendens based upon a fraudulent conveyance, plaintiffs must show probable cause that they can prove their case by clear and convincing evidence.); SMS Financial II, L.L.C. v. Kodsy,
Superior Court, Judicial District of Stamford/Norwalk at Stamford/Docket No. CV94 0141600 (April 12, 1995) (Lewis, J.) (Application for prejudgment remedy granted where plaintiff demonstrated probable cause that he would recover a judgment by proving his case by clear and convincing evidence.)
The plaintiffs never had an enforceable contract with Grayson or Anne Leepson.[2] Neither did Grayson or Anne Leepson enter into a contract with HRC to build the Polan house.[3]
Nevertheless, the plaintiffs claim that they viewed the defendants, HRC, Biernbaum, and Anne Leepson as a "family unit" and, therefore, deem as fraudulent her alleged nondisclosures and her suggestion that the plaintiffs talked to Birenbaum about a put option. None of this (nor any alleged knowledge of Anne Leepson about the financial condition of HRC) is sufficient, in the mind of the court, to constitute probable cause that the plaintiffs will prove, by clear and convincing evidence, such fraudulent conduct by Anne Leepson as would entitle them to a judgment in their favor.
D'ANDREA, J.