[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The nonresident defendant wife has filed a Motion to Dismiss claiming lack of personam jurisdiction in this dissolution action seeking custody and financial relief. The issue raised is whether this action can be dismissed on due process grounds when the two requirements of the Connecticut long-arm statute, C.G.S. § 46b-46(b), have been met.
FACTS
The plaintiff husband first became a resident of the state of Connecticut more than one year prior to the commencing of this dissolution action. Prior to his moving to Connecticut he lived with the defendant wife and their two minor children in CT Page 5094 Rochester, New York. The defendant currently resides in Rochester, New York with the two minor children. Neither the defendant nor the children have ever resided in Connecticut. The parties were not married in Connecticut. No prior Connecticut actions had ever been commenced between the parties. The defendant filed an appearance by counsel of record and within thirty days filed this Motion to Dismiss alleging a violation of the due process clause of the federal constitution. The motion claims that the defendant did not have minimal contacts with Connecticut, and the maintenance of this suit and its request for financial relief offends traditional notions of fair play and substantial justice.
DISCUSSION OF LAW
A Motion to Dismiss is the proper method of raising in personam and subject matter jurisdiction in family matters. LaBowv. Labow, 171 Conn. 433, 436-37 (1976). The defendant's motion to dismiss raises lack of jurisdiction over the person. P.B. §25-13(2) (formerly P.B. Sec. 1213). P.B. § 25-13 is identical to the dismissal rules in civil cases. P.B. § 10-31
(formerly P.B. 1978-1997, Sec. 143).
The defendant's Motion to Dismiss was filed within thirty days of the filing on his appearance. P.B. § 25-12(a). Pursuant to P.B. § 25-12(a), the defendant filed a memorandum of law with the motion to dismiss and "supporting affidavits as to facts not apparent on the record" which established the following facts:
 The defendant wife is a nonresident of the state of Connecticut. The plaintiff husband is claiming jurisdiction over the nonresident for the purpose of entering a decree dissolving the marriage and determining financial orders as well as orders of custody and visitation over the minor children who are also not residents of the state of Connecticut. The long-arm statute of the state of Connecticut is C.G.S. § 46b-46(b). The court may exercise personal jurisdiction over the nonresident party as to all matters concerning temporary or permanent alimony or support of children, only if: (1) the nonresident party has received actual notice under subsection (a) of this section; and (2) the party requesting alimony or support of children meets the residency requirement of § 46b-44.
CT Page 5095
The long-arm statute, C.G.S. § 46b-46(b), was amended effective January 1, 1996. P.A. 95-310. The third requirement of the long-arm statute, "(3) requiring both parties' domicile in the state immediately prior to or at the time of separation, " was eliminated. This amendment is not relevant to the issues in this case.
Based upon the record and the defendant's supporting affidavit, which was not contradicted by the plaintiff, the court finds that the plaintiff has met the two long-arm requirements of C.G.S. § 46b-46(b) to wit: (1) The nonresident party has received actual notice under subsection (a) of C.G.S. §46b-46 and (2) The party requesting alimony or support of children meets the residency requirements of § 46b-44.
The issue in question is whether or not compliance with these two requirements of the long-arm statute meets the jurisdictional requirements of Connecticut. The defendant claims the plaintiff's commencement of this action in Connecticut violates her federal due process rights and this violation deprives Connecticut of jurisdiction.
The Due Process Clause of the Fourteenth Amendment to the United States Constitution operates as a limitation on the jurisdiction of state courts to enter judgments affecting rights or interests of nonresident defendants. Shaffer v. Heitner,433 U.S. 186, 198-200, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977). This line of cases reaches back to Pennoyer v. Neff, 95 U.S. 714,732-33, 24 L.Ed. 565 (1878). Pennoyer v. Neff established the rule that a valid judgment imposing a personal obligation or duty in favor of the plaintiff may be entered only by a court having jurisdiction over the person of the defendant. The existence of personal jurisdiction depends upon the presence of reasonable notice to the defendant that an action has been brought, and sufficient client connection between the defendant and the action in the forum state. Milliken v. Meyer, 311 U.S. 457, 463-64,61 S.Ct. 339, 85 L.Ed. 2781 (1940); Mullane v. Central Hanover TrustCo., 339 U.S. 306, 313-14, 70 S.Ct. 652, 94 L.Ed. 865 (1950). From the findings already made by this court, the first of that two requirement due process test has been satisfied in the present case in that the defendant has received actual notice.
The second requirement is a sufficient connection between the defendant and Connecticut to make it fair to require the defense of the action by the defendant in Connecticut. Milliken v. Meyer, CT Page 5096supra, 311 U.S. 464. Even though there may be adequate notice to a party, the lack of sufficient connection between the defendant and the forum state is sufficient to establish a due process violation. Without satisfaction of this second requirement, the matter must be dismissed. "A defendant to be bound by a judgment against him must have certain minimal contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."International Shoe Co. v. Washington, 326 U.S. 310, 316,66 S.Ct. 154, 90 L.Ed.2d 95 (1945). It is exactly this claim that the defendant makes seeking dismissal by reason of lack of jurisdiction over the person. P.B. § 25-13(2).
These due process requirements are applicable to dissolution cases. Estin v. Estin, 334 U.S. 541, 545, 68 S.Ct. 1213,92 L.Ed. 1561 (1948); Vanderbilt v. Vanderbilt, 354 U.S. 416, 417,77 S.Ct. 1360, 1 L.Ed. 1456 (1957); Kulko v. Superior Court ofCalifornia. 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978).Kulko is currently the law regarding due process requirements of minimal contacts applicable to dissolution cases. Kulko is decisive in this Motion to Dismiss.
Mr. and Mrs. Kulko were both domiciliaries of New York. They were married in 1959 in California during a three day stopover in California while he was on route to his overseas military duty. After the marriage, the wife returned to New York, and the husband flew overseas for his military duty. Following his overseas tour of duty he had a twenty-four hour stopover in California on his way back to New York. In 1961 and in 1962 two children were born to the parties in New York. The family had resided together until March of 1972 in New York when the parties separated. The plaintiff wife then moved to California. Until the 1972 separation neither of the parties nor the children resided in California. In accordance with a separation agreement executed by both parties, the children were to remain with the father during the school year in New York and during certain vacations with the mother in California. The children were to otherwise reside in California. The father had agreed to pay $3,000 per year child support.
The wife then obtained a Haitian divorce incorporating the signed separation agreement. The wife returned to California after obtaining the short residency in Haiti needed for the Haitian divorce. Thereafter one daughter, with the consent of the husband, moved to California year round. Two years later, without CT Page 5097 the husband's consent, the wife brought the second child to live in California. The wife then brought an action against the defendant, still a New York resident, in California to domesticate the Haitian divorce. She also sought modification of custody of the two children and an increase in child support. The defendant filed a motion to dismiss alleging that he lacked sufficient minimum contacts with California. He did not contest the adequacy of the notice he received. The wife claimed that it was reasonable for the husband to expect to be haled into the California courts because he purposely availed himself of the benefits and protections of California by sending his daughter to live with her mother in California, paying child support in California and by being married in California. The California Supreme Court concluded "that where a nonresident defendant has caused an effect in the State by an act or omission outside the State, personal jurisdiction" would attach. The court held the defendant "purposely availed himself of the benefits and protection of California" by sending his daughter to live with her mother in California and, thus, it was "fair and reasonable" for the defendant to be subject to personal jurisdiction for the support of both children in California.
The United States Supreme Court reversed and found that the exercise of jurisdiction by the California courts over the father, a New York domiciliary, would violate theFourteenth Amendment's Due Process Clause. "The mere act of sending a child to California to live with her mother is not a commercial act and connotes no intent to obtain or expectancy of receiving a corresponding benefit in the State that would make fair the assertion of that State's judicial jurisdiction". Id., 101.
 When a (nonresident) defendant files a motion to dismiss challenging the court's jurisdiction, a two part inquiry is required. The trial court must first decide whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the [defendant]. If the statutory requirements [are] met, its second obligation [is] then to decide whether the exercise of jurisdiction over the [defendant] would violate constitutional principles of due process.
Knipple v. Viking Communications. Ltd., 236 Conn. 602, 606 (1996).
CONCLUSION
The defendant, Mary Jo Jepson, had even less connection with CT Page 5098 Connecticut than Mr. Kulko had with California. The defendant wife has never been in Connecticut. The parties were not married in Connecticut. The parties did not agree that the children would live in Connecticut. The children have always lived in New York.
It is clear that Mr. Jepson as the plaintiff has satisfied the domicile requirements and residency requirements of the state of Connecticut. He is married, and he brings the marriage with him. The marital res can be terminated in the state of Connecticut. The long-arm jurisdiction statute, C.G.S. §46b-46(b) and the due process clause of the Fourteenth Amendment, can be satisfied by the state of Connecticut exercising jurisdiction granting only a decree dissolving the marriage. Vanderbilt v.Vanderbilt, supra, 354 U.S. 418-19. Under Kulko v. Superior Courtof California, Connecticut does not have sufficient jurisdiction over the defendant to enter any awards of alimony, support or custody. Kulko v. Superior Court of California is the law of Connecticut despite the fact that our long arm statute, C.G.S. § 46b-46(b), makes no reference to due process requirements.
The latest Connecticut appellate case touching on this family subject was decided in 1996. "We conclude that the absence of jurisdiction over the person of the defendant in this case, under both the federal constitution and 46b-46(b), invalidates the provision of the dissolution decree that `no alimony is awarded to either party'." Pinder v. Pinder, 42 Conn. App. 254, 260
(1996). A dissolution judgment, erroneously ordering a nonresident defendant over whom the court had no personal jurisdiction to pay alimony, may be modified in a later proceeding by eliminating the alimony provision. Robertson v.Robertson, 164 Conn. 140, 144 (1972). "Constructive service of process on a nonresident defendant is not sufficient to furnish a basis for judgment in personam, even though it may be shown that the defendant had actual notice of the pending action." Id., 144;Carter v. Carter, 147 Conn. 238, 241 (1960). All of these cases cite the Fourteenth Amendment's due process rules emanating fromPennoyer v. Neff.
The Superior Court discussed the issue of adequacy of long-arm notice under C.G.S. § 46b 46(b) in Jones v. Jones,199 Conn. 287 (1986), where a motion to dismiss by a nonresident was denied when he had no notice of the original decree but as a nonresident had actual notice of a post decree modification motion. The nonresident's motion to dismiss alleged noncompliance with C.G.S. § 46b-46(b). Jones did not raise nor discuss any CT Page 5099 due process considerations. Yet Kulko v. Superior Court ofCalifornia, Shaffer v. Heitner and International Shoe Co. v.Washington were cited by the court.
Although not a family case, the rule has been restated a few months ago. "The twin touchstones of due process analysis under the minimum contacts doctrine are foreseeability and fairness. The foreseeability that is critical to due process analysis . . . is that the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there . . ." Phoenix Leasing v. Kosinski,47 Conn. App. 650, 654 (1998). "It is the totality of the defendant's conduct and connection with this state that must be considered, on a case by case basis, to determine whether the defendant could reasonably have anticipated being haled into court here." Frazerv. McGowan, 198 Conn. 243, 249 (1986); Chevette v. New MexicoU-Haul Co. 7 Conn. App. 617, 622-23 (1986); United States Trust Co.v. Bohart, 197 Conn. 34, 41-42 (1985); Standard TallowCorporation v. Jowdy 190 Conn. 48, 52 (1983); Lombard Bros. Inc.v. General Asset Management Co., 190 Conn. 245, 255 (1983). (All cases above cite Kulko v. Superior Court of California.).
The Connecticut Appellate Court dealt with the test of "purposefully availed himself of the benefits and protections".Cashman v. Cashman, 41 Conn. 382 (1996). In Cashman the parties resided in Connecticut prior to their 1980 separation. The plaintiff husband moved to New York and the defendant wife continued to reside in Connecticut. The plaintiff filed a Connecticut dissolution action as a nonresident and the marriage was dissolved. The 1983 decree awarded the defendant alimony. In 1994 the defendant filed for modification of alimony in Connecticut. The plaintiff was personally served at his New York home and filed a motion to dismiss which was granted by the trial court on the basis that the long-arm statute C.G.S. § 46-46(b) only applies to the original action, not a subsequent motion for modification. The court also found that the defendant's due process rights would be violated.
Reversing, the Appellate Court found that C.G.S. §46b-46(b) applies to post judgment modification motions. The court found due process because the "plaintiff purposefully availed himself of the benefits and protections of the law of Connecticut when he brought this action for dissolution of the marriage."Id., 389. Although this was the reasoning of the California Supreme Court in Kulko, the Appellate Court, citing Kulko v.CT Page 5100Superior Court of California, differentiated the two cases stating, "By bringing this action (the original action for dissolution in December, 1980), the plaintiff could have reasonably anticipated being amenable to further legal proceedings in connection with the Connecticut judgment." Id.,
390.
Four trial courts have discussed the issue in the last two years:
Scala v. Scala, Superior Court, judicial district of Danbury, Docket No. 311650 (July 31, 1996) (Axelrod, J.) 17 CONN. L. RPTR. 255,1996 Ct. Sup. 5173 (Motion to dismiss post judgment modification of a domesticated Texas decree against defendant, a Texas resident, granted. The court cited Cashman and Kulko. The motions relating to alimony and support were dismissed because the defendant did not have any meaningful contact, ties or relations with Connecticut. The motion to modify visitation was stayed on condition that the visitation dispute proceed promptly in Texas in accordance with the Uniform Child Custody Jurisdiction Act).
Panganiban v. Panganiban, Superior Court, judicial district of New London at New London, Docket No. 538834 (December 10, 1996) (Hurley, J.), 18 CLR 336, 4 Conn. Ops. 274,1996 Ct. Sup. 6488. (Parties were married in 1979 in Connecticut and lived here for a number of years. The defendant received state aid from 1979 until he left Connecticut in 1985. He moved to Maryland and the wife went on state aid as a Connecticut resident. The Connecticut action seeking financial orders was commenced in 1996 after C.G.S. § 46b-46(b) eliminated the third requirement of both parties being domiciled in Connecticut immediately prior to the time of their separation. The defendant filed a motion to dismiss claiming that the elimination of that third requirement rendered the long-arm statute, § 46b-46(b), unconstitutional on due process grounds. The motion to dismiss was denied. The court found the following benefits to the defendant due to the wife's continued Connecticut residency: it was the place of their marriage, their children are in the Connecticut public school system, and his dependent wife and children are currently receiving state aid from Connecticut. In 1992 the defendant won $16,000,000 in the Delaware Powerball Lotto. Note: This decision has been appealed.)
Gilbert v. Gilbert, Superior Court, judicial district of New Haven at New Haven, Docket No. 0274237 S (December 18, 1986) CT Page 5101 (Skolnick, J.) 18 CLR 383, 3 Conn. Ops. 73, 1996 Ct. Sup. 6918. (Plaintiff's post judgment motion to modify alimony and child support was met by defendant's timely Motion to Dismiss claiming that both parties gave up their Connecticut residency after the 1989 decree, thus the Connecticut's courts do not have in personam jurisdiction over the motions for modification. The modification motions were filed in 1991 when the plaintiff was a New York resident and the defendant was a Pennsylvania resident. The motion to dismiss was granted citing Cashman and Jones.)
Lowe v. Lowe, Superior Court, judicial district of Danbury, Docket No. 319986 (April 2, 1997, Axelrod, J.),1997 Ct. Sup. 4062 (The parties obtained a New Hampshire decree in 1993. On December 5, 1994 the defendant filed a petition in Connecticut to domesticate the New Hampshire judgment. At that time, the plaintiff was a Connecticut resident and the defendant a Vermont resident. On December 27, 1994 the defendant filed a motion in the Connecticut matter to open the New Hampshire judgment on the grounds of fraud. In 1996 the Connecticut court vacated the financial orders entered in the 1993 New Hampshire judgment. The plaintiff left Connecticut just prior to the 1996 Connecticut vacate order and has at all times since then resided in New York. The defendant then continued to prosecute the new domesticated dissolution judgment in order to obtain financial relief. The defendant filed a motion for alimony and support pendente lite. In response, the plaintiff filed a motion to dismiss on minimum contact grounds. Under these unusual facts the trial court denied the plaintiff's motion to dismiss, citing Cashman. The court found that the plaintiff had been a long standing Connecticut resident and land owner and as such obtained the benefit of Connecticut's police and fire protection, its school system, hospitals and recreation facilities. "He, therefore, has purposefully availed himself of the benefits and protection of Connecticut law." Id., 4066).
"Under Cashman, the consideration of the personal jurisdiction issue is a two-step process. This court must first decide whether Connecticut's pertinent long arm statute, Connecticut General Statute 46b-46(b), authorizes exercise of personal jurisdiction over this non-resident defendant. If so, we must then determine whether requiring him to defend a post-judgment modification proceeding in Connecticut would offend traditional notions of fair play and substantial justice under the Due Process Clause of the Fourteenth Amendment to the United States Constitution." Gilbert v. Gilbert, supra, 1996 Ct. Sup. CT Page 5102 6919.
ORDER
This court concludes that the traditional notions of fair play and substantial justice warrant the dismissal of this action. The defendant is free to file an amendment to his complaint seeking a dissolution of marriage as his only claim for relief. The marital res is with both the plaintiff and defendant at all times. It is reasonable for the defendant to expect to be haled into Connecticut solely for the purpose of dissolving the marriage due to the plaintiff's continued Connecticut residency.Vanderbilt v. Vanderbilt, supra, 354 U.S. 418-19. All requests for relief relating to alimony, support, custody and visitation are not within the jurisdiction of Connecticut in that continued lawsuit. In the event that such an amended complaint is not filed by the plaintiff within fourteen days hereof, the entire matter is hereby dismissed. The filing of the amended complaint seeking a decree dissolving the marriage as its only claim for relief would cure the due process violation found by this court. "The nullification of that portion of the decree (financial orders), however, has no impact on its remaining provisions that terminate the marriage." Pinder v. Pinder, supra, 42 Conn. App. 260; Jaserv. Jaser, 37 Conn. App. 194, 205 (1995).
BY THE COURT
KEVIN TIERNEY, J.