[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant has moved to dismiss this dissolution of marriage action, which seeks, inter alia, an award of alimony, on the grounds that a valid judgment dissolving the marriage of the parties was previously entered in California. The defendant claims that this court must recognize the California alimony orders under the Full Faith and Credit Clause of the United States Constitution and, in the alternative, that this court lacks subject matter jurisdiction over an action seeking alimony once a decree dissolving a marriage is issued in another state.
The plaintiff asserts that this court is not obligated to give full faith and credit to the California alimony orders because the California courts lacked in personam jurisdiction over the plaintiff. The plaintiff further asserts that General Statutes § 46b-46 (b) provides this court with subject matter jurisdiction to issue alimony orders notwithstanding the previous entry of a dissolution decree by the California court. For the reasons that follow, this court agrees with the plaintiff.
The parties were married on July 21, 1985 in Hamden, Connecticut. The parties resided continuously in Connecticut until April 17, 2000. On April 17, the defendant traveled to California, where his adult son resides, to obtain medical assistance for a serious medical condition. To date, he has not returned to Connecticut. The plaintiff has continued to reside in Connecticut in the marital home in Milford. She has never resided in California. Her only connections to California are five to nine trips, the latest of which occurred in December 1998, that she took there to visit her mother and relatives of the defendant. CT Page 13468-h
On May 10, 2001, the plaintiff in this action was served in Connecticut with a copy of a summons regarding a divorce action that the defendant had commenced in California. On June 4, 2001, the plaintiff filed the above captioned action in Connecticut seeking a dissolution of her marriage with the defendant. The defendant received actual notice of the Connecticut dissolution action and through counsel filed an appearance in this action on June 20, 2001.
The plaintiff never appeared personally or through counsel in the dissolution action which the defendant filed in California. On July 18, 2001, while the Connecticut divorce action was pending, the defendant obtained a default judgment against the plaintiff in California. The California judgment provides that the parties' marital status is terminated and the parties are restored to the status of unmarried persons as of November 2, 2001. The judgment also enters orders with respect to the award of alimony to the plaintiff and the division of property.
The defendant initially claims that Connecticut courts must give full faith and credit to the California judgment dissolving the marriage of the parties and awarding limited alimony to the plaintiff.
The Full Faith and Credit Clause of the United States Constitution, Art. IV, § 1, provides that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial proceedings of every other state. And Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof." Congress has provided that judgments shall have the same force and effect in every court throughout the United States that they have in the state where they were rendered. 28 U.S.C. § 1738.
A state is obligated to give full faith and credit to a judgment of another state provided the issuing state properly possessed jurisdiction to render the judgment. "A judgment in one State is conclusive upon the merits in every other State, but only if the court of the first State had power to pass on the merits — had jurisdiction, that is, to render the judgment." Williams v. North Carolina, 325 U.S. 226, 229 (1945). See also Estin v. Estin, 334 U.S. 541, 549 (1948) and 1 Restatement (Second), Conflict of Laws § 104 (1971).
With respect to the application of the Full Faith and Credit Clause to dissolution of marriage actions, the United States Supreme Court has made a distinction between the jurisdictional requirements necessary for a CT Page 13468-i state court to enter judgments that alter the marital status and those necessary to issue substantive orders, such as those involving alimony.
A state has jurisdiction to enter a decree dissolving a marriage when the petitioning spouse has a good faith domicile in the issuing state.Williams v. North Carolina, 317 U.S. 287 (1942). This is so even if the respondent spouse is absent from the issuing state and has only been constructively served with notice of the proceedings. Id. If the defendant was domiciled in California, Connecticut must give full faith and credit to the divorce decree issued in California dissolving the parties' marriage.
Because the plaintiff never appeared in the action in California, Connecticut has the power to adjudicate for itself whether the defendant was actually a domiciliary of California. Williams v. North Carolina,325 U.S. 226 (1945). The burden, however, "rests heavily" on the plaintiff to prove that the defendant was not domiciled in California. Id. 233-34. See also Esenwein v. Commonwealth, 325 U.S. 279, 280-81
(1945). The plaintiff has not met that burden.
"Residence in fact, coupled with the purpose to make the place of residence one's home, are the essential elements of domicile." Texas v.Florida, 306 U.S. 398, 424 (1939). "The essential fact that raises a change of abode to a change of domicil is the absence of any intention to live elsewhere." Williams v. North Carolina, supra, 317 U.S. 304 fn. 9. The defendant has resided continuously in California since April 17, 2000. While the plaintiff presented evidence that the original purpose behind the defendant's move to California was the procurement of medical treatment, no evidence, direct or circumstantial, was provided indicating his current intent. Moreover, in contrast to the situation in many divorce actions involving disputes between states over jurisdiction, there is no evidence here that the defendant traveled to California solely for the purpose of obtaining a divorce and intended all along to reside elsewhere. See Williams v. North Carolina, supra, 325 U.S. 237. Since the plaintiff has failed to show that the defendant was not domiciled in California at the time of the issuance of the divorce decree by the court in California, this court is bound by the Full Faith and Credit Clause of the United States Constitution to recognize that decree.
The alimony order issued by the California court stands on a different footing. The United States Supreme Court has deemed a divorce to be "divisible." Estin v. Estin, supra, 334 U.S. 549. A state may have jurisdiction to affect the parties' marital status but not the CT Page 13468-j jurisdiction necessary to determine alimony. Id. See also Pinder v.Pinder, 42 Conn. App. 254, 260 in which the court held that a court order with respect to alimony may by void notwithstanding the validity of the underlying divorce decree. A judgment concerning alimony entered without the appropriate jurisdiction is not entitled to full faith and credit under the Constitution. Vanderbilt v. Vanderbilt, 354 U.S. 416 (1957). See also Estin v. Estin, 334 U.S. 541 (1948).
In Vanderbilt, the parties separated while living in California. The wife moved to New York and the husband subsequently filed suit for divorce in Nevada. The court in Nevada issued a decree of divorce and released the parties from all duties and obligation related to matrimony, apparently including the obligation to pay alimony. Thereafter, the now ex-wife instituted an action in a New York court for alimony. The former husband appeared specially and contended that the Full Faith and Credit Clause of the United States Constitution compelled the New York court to treat the Nevada judgment as terminating any obligation to pay support. The New York court found the Nevada decree dissolving the marriage to be valid but held that it had the authority to enter an alimony order and it did so. The United States Supreme Court affirmed, holding that the Nevada court lacked the jurisdiction to issue an alimony order. Since a claim of alimony involves a personal obligation, such a claim requires jurisdiction over the person of the defendant. An ex parte divorce rendered in the absence of the defendant can not destroy the alimony rights of the absent spouse. Id., 419. See also Estin v. Estin, supra, 334 U.S. 548-49.
The court in Vanderbilt cited with approval the concurring opinion inArmstrong v. Armstrong, 350 U.S. 568, 576 (1956) which held that an alimony judgment was a personal judgment that required that a nonresident of a state be personally served with process in that state or appear as a party in the action. Vanderbilt v. Vanderbilt, supra, 354 U.S. 419. See also 1 Restatement (Second), Conflict of Laws § 77 (1971). Courts in Connecticut have similarly held that the issuance of alimony orders in a divorce action requires personal service within the state or a voluntary appearance. Robertson v. Robertson, 164 Conn. 140, 144 (1972) and Pinderv. Pinder, supra, 42 Conn. App. 259.
In this case, the plaintiff has never been a resident of California, was not personally served with process in California and did not appear as a party in the divorce action there. Under the traditional notions of personal jurisdiction established in Vanderbilt v. Vanderbilt, Estin v.Estin and Armstrong v. Armstrong, the court in California did not have in personam jurisdiction over the plaintiff to enter its alimony order and CT Page 13468-k courts in Connecticut are not obligated to give that order full faith and credit.
The United States Supreme Court has since expanded the realm of a state court's personal jurisdiction over nonresident defendants. Historically, the service of process upon a person within the State, or the person's voluntary appearance was a prerequisite to a court having in personam jurisdiction. Pennoyer v. Neff, 95 U.S. 714, 733 (1878). In InternationalShoe Co. v. Washington, 326 U.S. 310 (1945), the Supreme Court established a new rule that "minimum contacts" is sufficient as a basis for personal jurisdiction as an alternative to the presence or consent of the person. "But now . . ., due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." (Internal quotation marks and citations omitted.) Id., 316. The Supreme Court subsequently ruled that "all assertions of state-court jurisdiction must be evaluated according to the standards set forth in International Shoe and its progeny." Shaffer v. Heitner, 433 U.S. 186, 212 (1977).
Whether "minimum contacts" exist to justify personal jurisdiction over a nonresident defendant depends on the individual circumstances of each case. "Like any standard that requires a determination of reasonableness, the minimum contacts test of International Shoe is not susceptible of mechanical application; rather, the facts of each case must be weighed to determine whether the requisite affiliating circumstances are present." (Internal quotation marks and citations omitted.) Kulko v. California Superior Court, 436 U.S. 84, 92 (1978). "[A]n essential criterion in all cases is whether the quality and nature of the defendant's activity is such that it is reasonable and fair to require him to conduct his defense in that State." (Internal quotation marks omitted.) Id. See also Frazer v. McGowan, 198 Conn. 243, 249
(1986).
The plaintiff in this case lacks the minimum contacts with California that make it reasonable to have expected her to travel across the country and defend the divorce action filed by the defendant in that state. The parties were married in Connecticut and they resided together here for the first fifteen years of their sixteen year marriage. The plaintiff continues to reside in Connecticut. Her only association with California consists of a few pleasure trips to visit relatives. While the defendant may now reside in California, his relationship to that state is insufficient to allow that state to acquire personal jurisdiction over CT Page 13468-l the plaintiff. Hanson v. Denckla, 357 U.S. 235, 253 (1958) ("The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State.") Given the plaintiff's brief and attenuated contacts with California, all of which are unrelated to her marriage which is the subject of the litigation in California, it is neither fair nor reasonable to require the plaintiff to litigate there the issue of her right to alimony.
The defendant also contends that this court lacks subject matter jurisdiction over the plaintiff's claim for alimony in light of the California decree dissolving the marriage of the parties.[1] The defendant asserts that the authority of the court to entertain an action seeking alimony is limited to actions for dissolution, annulment, or legal separation and that the court's authority ends once a divorce decree has been entered in another state.
General Statutes § 46b-46 (b) provides that the court may exercise personal jurisdiction over the nonresident party as to all matters concerning temporary or permanent alimony provided the nonresident party has received actual notice and the party requesting alimony meets the residency requirements under § 46b-44 for a dissolution of marriage action.[2] It is undisputed that the requirements of actual notice and residency have been met in this case.
The defendant contends that the jurisdiction over a nonresident party in alimony matters provided by § 46b-46 (b) is limited to actions for dissolution of a marriage, annulment or legal separation. Since Connecticut is obligated to give full faith and credit to the divorce decree issued by the court in California, the defendant argues that the current proceeding is no longer an action for dissolution of the marriage and this court can not entertain an action pursuant to § 46b-46 (b) for alimony. The defendant's claim is not supported by the text or the purpose of § 46b-46 (b).
The express language of § 46b-46 (b) states that a Connecticut court "may exercise personal jurisdiction over the nonresident party as to all matters concerning temporary or permanent alimony" if its specific notice and residency requirements are met. (Emphasis supplied.) The statute does not limit jurisdiction to alimony matters related to a complaint for the dissolution of a marriage.
The defendant asserts that the grant of authority provided by subsection (b) of § 46b-46 is limited by the requirement contained in CT Page 13468-m subsection (a) that the complaint be one for dissolution, annulment, legal separation or custody. Since § 46b-46 (b) refers to the nonresident party receiving actual notice under subsection (a) of §46b-46 and subsection (a) refers to a complaint for dissolution, annulment, legal separation or custody, an action for alimony under subsection (b) must involve such a complaint. This precise argument has been rejected by the Connecticut Appellate Court. See Cashman v.Cashman, 41 Conn. App. 382, 386-87 (1996). See also Jones v. Jones,199 Conn. 287, 290-91 (1986). In Cashman, the Appellate Court reversed a trial court ruling that § 46b-46 (b) was limited to complaints for dissolution, annulment, legal separation or custody as specified in subsection (a) and was not applicable to motions for modification of alimony. The court specifically concluded that "§ 46b-46 (b) is not limited to the proceedings outlined in § 46b-46 (a)." Cashman v.Cashman, supra, 41 Conn. App. 387.
The court in Cashman based its decision not only on the text of §46b-46, but on the distinct purposes served by its separate subsections. The court found that subsection (a) confers jurisdiction upon a court to deal with complaints for dissolution, annulment, legal separation or custody when the defendant is a nonresident or his whereabouts are unknown. Subsection (b) in contrast is a long arm statute applicable to all matters concerning alimony and is not limited to complaints for dissolution, annulment, legal separation or custody. Id.
In Connecticut, a decree dissolving a marriage entered in another state terminates one spouses duty to support the other provided that both parties participated in the divorce proceedings in the foreign jurisdiction and the judgment has become final in the state of rendition. Nowell v. Nowell, 157 Conn. 470, 479 (1969). See also Yatesv. Yates, 155 Conn. 544, 547 (1967). The judgment obtained by the plaintiff in California does not dissolve the parties' marriage until November 2, 2001. The plaintiff also did not appear or participate in any way in the divorce proceedings that the defendant initiated in California. Unlike the situations in Nowell and Yates, supra, no other state, other than Connecticut, has valid jurisdiction under the Due Process Clause of the United States Constitution to resolve the issue of alimony for these parties. Under the circumstances of this case, the plaintiff's right to seek alimony from the defendant survives the entry of a divorce decree in California.
In light of the above, I find that this court must give full faith and credit to the divorce decree entered by the California court. This court, however, does not recognize the alimony order issued by the CT Page 13468-n California court because that court lacked the personal jurisdiction over the plaintiff necessary to enter such an order. Pursuant to § 46b-46
(b), this court has jurisdiction to decide the issues of temporary and permanent alimony presented by the plaintiff in her complaint. Accordingly, the defendant's motion to dismiss dated July 20, 2001 is hereby denied.
BY THE COURT
Judge Jon M. Alander