LEE GARY *v.* STATE OF CONNECTICUT,
DEPARTMENT OF CORRECTION
(AC 21540)

Schaller, Mihalakos and Dranginis, Js.

Argued October 16, 2001—officially released March 12, 2002

*Lisa Guttenberg Weiss*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *William J. McCullough*, assistant attorney general, for the appellant (defendant).

*Ross T. Lessack*, for the appellee (plaintiff).

### Opinion

SCHALLER, J. The defendant state of Connecticut, department of correction, appeals from the decision of the workers' compensation review board (board) determining that the workers' compensation commissioner (commissioner) had jurisdiction over the plaintiff's untimely hypertension claim. The defendant claims on appeal that the board improperly concluded that the commissioner had subject matter jurisdiction based on the defendant's conduct subsequent to the untimely claim. We agree and reverse the decision of the board.[1]

---

[1] The defendant also claims that the board improperly denied its motion to correct the commissioner's findings and failed to address its appeal from the commissioner's denial of its claim for reimbursement. On the basis of our disposition of the defendant's first claim, we need not address the defendant's remaining claims on appeal.

The following facts and procedural history are relevant to our disposition of the defendant's appeal. The defendant hired the plaintiff, Lee Gary, as a correction officer in September, 1987. On August 10, 1993, while supervising an inmate cleaning crew, the plaintiff was exposed to fumes from chemical cleaning agents and became ill. He sought medical attention for his illness and was referred to a cardiologist, who diagnosed the plaintiff with high blood pressure and prescribed appropriate medication. On August 20, 1993, the plaintiff went to the St. Mary's Hospital emergency room in Waterbury, where he was diagnosed with malignant hypertension and admitted for treatment.

On November 8, 1993, the plaintiff filed a notice of claim for compensation, citing August 10, 1993, as the date on which he sustained hypertension. The defendant filed a form 43, contesting its liability for the claim. Over the next seven years, the parties attended various informal and formal hearings on the claim. During that period, the plaintiff received workers' compensation benefits[2] while the liability issue remained unresolved. During July, 1997, the defendant discovered that the plaintiff had been diagnosed with and treated for hypertension in 1989, four years prior to the date of injury cited in his claim. On the basis of that information, the defendant filed a motion to modify the award pursuant to General Statutes § 31-315,[3] arguing first that it never

---

[2] By February 24, 1998, the plaintiff had received $89,090.96 in indemnity benefits and $21,182.04 in medical payments.

[3] Although the commissioner and the board referred to the motion as a motion to reopen, the motion filed pursuant to General Statutes § 31-315 is described more accurately as a motion to modify. Section 31-315, entitled "Modification of award or voluntary agreement," provides in relevant part: "Any award of, or voluntary agreement concerning, compensation made under the provisions of this chapter . . . shall be subject to modification in accordance with the procedure for original determinations, upon the request of either party . . . whenever it appears to the compensation commissioner, after notice and hearing thereon . . . that changed conditions of fact have arisen which necessitate a change of such agreement [or] award . . . in order properly to carry out the spirit of this chapter. . . ."

accepted liability on the claim and, second, that even if it did, the commissioner lacked jurisdiction over the claim because the plaintiff's notice was untimely pursuant to General Statutes § 31-294c (a).[4]

Formal hearings on the defendant's motion followed and on March 8, 2000, the commissioner issued his finding on the motion. The commissioner found that the plaintiff had been diagnosed with hypertension and had been treated for that condition as of May 1, 1989. The commissioner also found that because of the treatment for hypertension in 1989, the plaintiff "had one year from May 1, 1989, within which to file a [hypertension] claim pursuant to [General Statutes § 5-145a]." Notwithstanding those findings, the commissioner further found that the defendant, through its subsequent actions and those of its third party claims administrator, had accepted the plaintiff's hypertension claim. Because the defendant had accepted the claim, the commissioner concluded that it was "estopped from revoking [its] acceptance . . . and seeking reimbursement from the [plaintiff]," regardless of the plaintiff's untimely notice.

On March 15, 2000, the defendant filed a motion to correct the commissioner's findings, addressing, inter alia, the jurisdictional issue. The motion was denied in its entirety without comment. The defendant appealed to the board, which affirmed the commissioner's findings on January 4, 2001. This appeal followed.

Before reaching the merits of the defendant's appeal, we note our standard of review. Our Supreme Court has determined that a decision by the board "must stand

---

[4] General Statutes § 31-294c (a) provides in relevant part: "No proceedings for compensation . . . shall be maintained unless a written notice of claim for compensation is given within one year from the date of the accident or within three years from the first manifestation of a symptom of the occupational disease, as the case may be, which caused the personal injury . . . ."

unless it results from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them." (Internal quotation marks omitted.) *Castro* v. *Viera*, 207 Conn. 420, 440, 541 A.2d 1216 (1988). We also note that "because [a] determination regarding . . . subject matter jurisdiction is a question of law, our review is plenary." (Internal quotation marks omitted.) *Lawrence Brunoli, Inc.* v. *Branford*, 247 Conn. 407, 410, 722 A.2d 271 (1999).

With that standard in mind, we now examine the dispositive issue in this appeal, which is whether the plaintiff's failure to file a workers' compensation claim within one year of May 1, 1989, deprived the commissioner of subject matter jurisdiction. We conclude that it did.

"Administrative agencies [such as the commission] are tribunals of limited jurisdiction and their jurisdiction is dependent entirely upon the validity of the statutes vesting them with power and they cannot confer jurisdiction upon themselves." *Castro* v. *Viera*, supra, 207 Conn. 428. The plain language of the Workers' Compensation Act (act), General Statutes § 31-275 et seq., requires one of four possible prerequisites to establish the commissioner's subject matter jurisdiction over a claim: (1) a timely written notice of claim; General Statutes § 31-294c (a); (2) a timely hearing or a written request for a hearing or an assignment for a hearing; General Statutes § 31-294c (c);[5] (3) the timely submis-

---

[5] General Statutes § 31-294c (c) provides in relevant part: "Failure to provide a notice of claim . . . shall not bar maintenance of the proceedings if there has been a hearing or a written request for a hearing or an assignment for a hearing within a one-year period from the date of the accident or within a three-year period from the first manifestation of a symptom of the occupational disease, as the case may be, or if a voluntary agreement has been submitted within the applicable period, or if within the applicable period an employee has been furnished, for the injury with respect to which compensation is claimed, with medical or surgical care as provided in section 31-294d. . . ."

sion of a voluntary agreement; General Statutes § 31-294c (c); or (4) the furnishing of appropriate medical care by the employer to the employee for the respective work-related injury. General Statutes § 31-294c (c); see also *Infante* v. *Mansfield Construction Co.*, 47 Conn. App. 530, 534–35, 706 A.2d 984 (1998).

The commissioner expressly found that the plaintiff had "one year from May 1, 1989, within which to file a claim pursuant to [§ 5-145a]."[6] Our review of the record reveals that the only notice of claim ever filed by the plaintiff was the one filed on November 8, 1993, more than four years after the deadline established by § 31-294c, as found by the commissioner. Accordingly, the facts as found by the commissioner demonstrate unequivocally that the plaintiff failed to file his notice of claim in a timely fashion, as required by § 31-294c (a). Additionally, none of the parties has argued that the plaintiff was relieved of his statutory obligation to file a timely notice by any of the alternatives described in § 31-294c (c). For those reasons, we find that the commissioner lacked subject matter jurisdiction over the claim.

We next address the commissioner's conclusion that the defendant was estopped from raising its jurisdictional challenge because of its acceptance of the claim. Without determining whether the defendant accepted the claim, we hold that the commissioner's conclusion was an incorrect application of the law to the subordinate facts. See *Castro* v. *Viera*, supra, 207 Conn. 440.

[6] General Statutes § 5-145a provides in relevant part: "Any condition of impairment of health caused by hypertension or heart disease resulting in total or partial disability or death . . . to state personnel engaged in guard or instructional duties in the Connecticut Correctional Institution[s] . . . shall be presumed to have been suffered in the performance of [their] duty and shall be compensable in accordance with the provisions of chapter 568 . . . ." We note that the one year time limit refers to the statute of limitations codified in General Statutes § 31-294c (a). See footnote 4.

Our Supreme Court has established that "[o]nce the question of lack of jurisdiction of a court [or administrative agency] is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case. . . . Subject matter jurisdiction, unlike jurisdiction of the person, cannot be created through consent or waiver. . . . [Id., 427–30]." (Internal quotation marks omitted.) *Figueroa* v. *C & S Ball Bearing*, 237 Conn. 1, 4–5, 675 A.2d 845 (1996).

Applying that rule to the present appeal, we conclude that the commissioner improperly assumed jurisdiction over the plaintiff's claim on the basis of the defendant's actions subsequent to the filing of the claim, whatever they may have been. Once the commissioner properly found that the plaintiff had failed to file his notice of claim within one year, as required by the act, the commissioner should have dismissed the claim for lack of subject matter jurisdiction.

The decision of the workers' compensation review board is reversed and the matter is remanded to the board with direction to dismiss the plaintiff's claim.

In this opinion the other judges concurred.