[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO REOPEN JUDGMENT
This foreclosure matter went to judgment and all law days have passed. The defendant asserted arguments concerning her failure to redeem or to move for reopening prior to the passing of title. Her arguments addressing that issue have been rejected by this court pursuant to General Statutes § 49-15 which states in pertinent part ". . . no such judgment shall be opened after the title has become absolute in any encumbrance." See First National Bank of Chicago v. Luecken, 68 CA 600,610-611 (2001).
The defendant, however, raises another challenge in support of her motion. She now claims that this case must be dismissed on the basis of lack of jurisdiction of this court.
The factual basis of the defendant's claim is that the plaintiff began its legal process before it acquired any interest in the mortgage being foreclosed. The documents on file with the court undisputably show that the defendant was served the writ, summons and complaint on January 21, 2000. The plaintiff was assigned the mortgage to be foreclosed on January 24, 2000.
The defendant asserts that the plaintiff did not own the mortgage being foreclosed when it sued the defendant and therefore had no standing to bring the action.
A claim of lack of standing invokes the subject matter jurisdiction of the court. Steeneck v. University of Bridgeport, 235 Conn. 572, 518-519
(1995). "Whenever a court finds that it has no jurisdiction, it must dismiss the case without regard to previous rulings." Pet v. Departmentof Health Services, 207 Conn. 346, 351 (1988). Furthermore, subject matter jurisdiction cannot be waived. Figueroa v. C S Ball Bearing,237 Conn. 1, 4-5 (1996), Boyles v. Preston, 68 Conn. App. 590, 596 (2002) P.B. § 10-33.
General Statutes § 49-17 does, however, offer respite to the plaintiff in this instance. The statute permits "the person entitled to receive the money secured [by mortgage] but to whom the legal title to the mortgage premises has never been conveyed "to bring a foreclosure action." CT Page 3289
Recognizing this principle, this court ordered an evidential hearing at which time the plaintiff was to present evidence as to its legal or equitable right to bring this action on or before the date of service. Before the hearing the court permitted plaintiff's counsel to demonstrate that it had a legal or equitable interest in the mortgage. The plaintiff declined to do so and offered the court no evidence either by affidavit or otherwise.
Under these circumstances this court can only conclude that this action was commenced at a time when the plaintiff had no interest in the mortgage being foreclosed and consequently had no standing to bring this action.
Accordingly, this case is dismissed.
Freed, J.