[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
Procedural Background
The present case arises out of an alleged car accident between Stephen Lostritto[1] and the defendants, Elizabeth Barrett and the Community Action Agency of New Haven, Inc. On June 11, 2001, Lostritto commenced suit against the defendants. The return date on the complaint was June 19, 2001.
On January 23, 2002, the defendants filed an apportionment complaint against Murphy and Lieponis, P.C. and Jonas Lieponis, the apportionment defendants.[2] On February 13, 2002, the apportionment defendants filed a motion to dismiss for lack of subject matter jurisdiction.
 Discussion
"A motion to dismiss shall be used to assert lack of jurisdiction over the subject matter, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.) Kizis v. Morse DieselInternational, Inc., 260 Conn. 46, 51, 794 A.2d 498 (2002). The apportionment defendants, in their motion to dismiss, contend that the court lacks subject matter jurisdiction to hear the apportionment complaint because it was filed more than one hundred twenty days after the return date as required by General Statutes § 52-102b.[3] The defendants contend that the one hundred twenty day limit is not mandatory and, therefore, the late filing does not affect jurisdiction.
No Connecticut appellate court has decided whether the time limit in § 52-102b is a mandatory requirement affecting jurisdiction. The Superior Court is split on the issue. The majority position in the Superior Court, however, is that the court lacks subject matter jurisdiction over the apportionment complaint when it has been filed more than one hundred twenty days after the return date. Ortiz v. BridgeportHospital, Superior Court, judicial district of New London, Docket No. 547104 (February 24, 2000, Corradino, J.).
Judge Corradino, in Ortiz, looked to the legislative purposes of the time requirement. He found that the purpose was to keep the defendant from filing an apportionment complaint on the eve of trial but that a defendant should not be precluded from filing an apportionment complaint when the statute of limitations had expired on the original cause of action. "Both legislative purposes can be accomplished if the 120 day CT Page 10767 time requirement is strictly enforced and that is what the legislature intended when in subsection (f) of § 52-102b it said the statute would be the exclusive means a defendant may add a person who is or may be liable pursuant to § 52-572h." (Internal quotation marks omitted.) Id. In another case, Judge Blue likened the provision to a statute of limitations and found that "[s]tatutes of limitations, by their very nature, set forth arbitrary — and, in the usual case, inflexible — deadlines for subjecting persons to litigation." Mazzola v.Yaghma, Superior Court, judicial district of New Haven, Docket No. 403943 (November 15, 1999, Blue, J.). See also Nationwide Ins. Enterprises v.AG Development, LLC, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 99 0362565 (July 23, 2001, Stevens, J.) (30 Conn.L.Rptr. 191, 192) (finding that abrogating the time limit is a legislative task).
The leading case for the contrary proposition, that the time requirement is directory and does not implicate jurisdiction, held that the tort reform laws, from which apportionment complaints are derived, did not create a cause of action. The decision reasoned that the statute does not need to be strictly construed because it is not in derogation of the common law. Ketchale v. Unger, Superior Court, judicial district of New Haven, Docket No. 396218 (July 15, 1998, Levin, J.). Ketchale also looked to the construction of the statute and found that negative terms were used in other parts, but were not used in describing the consequences of violating the one hundred twenty day rule, and, therefore, the statute did not create a mandatory time limit. Id. Another decision held that "[t]he actual language of General Statutes § 52-102b
makes it apparent . . . that the statute contemplated apportionment complaints being served after the 120-day period. . . ." because the statute disallows a statute of limitations defense if the apportionment complaint is timely filed. Casey v. Allegheny Teledyne, Inc., Superior Court, judicial district of New London at Norwich, Docket No. CV 00 0121238 (August 23, 2001, Koletsky, J.) (30 Conn.L.Rptr. 240, 242).
Our Supreme Court has held: "[w]hen the words of a statute are plain and unambiguous, we need look no further for interpretive guidance because we assume that the words themselves express the intention of the legislature." (Internal quotation marks omitted.) Ames v. Commissioner ofMotor Vehicles, 70 Conn. App. 790, 796, (2002). As set forth in in Ortiz, the statute clearly requires filing the apportionment complaint one hundred twenty days from the return date of the original complaint. The court holds that § 52-102b is the exclusive means of filing an apportionment complaint. The defendants filed the apportionment complaint in the instant matter more than one hundred twenty days from the return date of the complaint. The court lacks subject matter jurisdiction over the apportionment complaint. The complaint is CT Page 10768 dismissed.
The defendants also argue that a prior decision in the present case prevents dismissal of the apportionment complaint. The defendants filed a motion for extension of time to file an apportionment complaint on October 12, 2001 before the one hundred twenty day limit expired. On December 15, 2001, the motion was granted. The defendants' argument fails for three reasons.
First, "[s]ubject matter jurisdiction, unlike jurisdiction of the person, cannot be created through consent or waiver." (Internal quotation marks omitted.) Gary v. Department of Correction, 68 Conn. App. 590,596, 792 A.2d 874 (2002). To allow the apportionment complaint because of a motion for extension of time would be tantamount to granting subject matter jurisdiction through consent. Second, the motion, though timely filed, was not granted until after the one hundred twenty day period had expired. Third, in their motion for extension of time, the defendants did not point out the split of authority in the Superior Court. The defendants simply stated in their motion that "in a recent decision . . . the court held that the time limits for filing an apportionment complaint . . . is not mandatory," citing Casey v. Allegheny Teledyne,Inc., supra, 30 Conn.L.Rptr. 240.[4] The prior decision does not bind the court, especially in view of this court holding that it lacks subject matter jurisdiction. Pinder v. Pinder, 42 Conn. App. 254, 258, 679 A.2d 973
(1996).
Conclusion
The apportionment complaint is dismissed.
By the Court,
 ____________________________ Kevin E. Booth Judge of the Superior Court